■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RENCHER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 27, 1973, convicting him of criminal sale of a dangerous drug in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, the facts and as a matter of discretion in the interest of justice, and new trial ordered. We find that the following series of facts, coupled with a failure on the part of the prosecution to comply with applicable law, deprived defendant of a fair trial.

FACTS

Defendant was acquitted on the first count of a two-count indictment, which first count charged a sale of narcotics on or about September 26, 1972. As to the second count, the indictment charged that the sale was made on or about October 19, 1972. (1) The person to whom the alleged sale was made was an undercover police officer. He was the sole eyewitness produced at the trial, although the People conceded that one Anne Cunningham, an informant known to defendant, was present during at least a portion of the negotiations leading to the sale. The police officer was a tyro at undercover work. The witness Cunningham was not produced to testify. (2) Three alibi witnesses, whose testimony the prosecutor conceded to be truthful, testified that Rencher was at a meeting at 8:50 P.M. (and for approximately an hour before and an hour after that time) on October 19, 1972 when, according to the police officer, defendant delivered the contraband to him at the Rencher apartment, which is located some two and one-half to three miles from the meeting site. The prosecutor explained this inconsistency by suggesting that Rencher "hopped over to his house for five minutes [to make the sale] and went back to his alibi meeting" (matter in brackets supplied). To travel five or six miles in a congested area of Brooklyn—and to effect a sale of drugs in one's apartment—would take infinitely more than five minutes to accomplish. (3) Detectives assigned to the case testified that they had seen Rencher about six times in the location of a bar suspected of being a hangout for drug users—a clear instance of imputation of guilt by association. (4) The prosecutor waved "mug shots" in front of the jury in an attempt to convey the impression that a seasoned convict was on trial. Defendant blunted this ploy by taking the stand in his own defense and

probable cause disappears and suppression must be ordered *(People v Lypka,* 36 NY2d 210, 213–214).

establishing that he had no criminal record. (5) While under cross-examination, defendant was asked "Have you ever had drugs in your possession?", to which question timely objection was taken. The prosecutor asserted that his question related to the issue of "moral turpitude" and had been asked in good faith (see *People v Sorge,* 301 NY 198, 200). The trial court inquired whether he knew the answer to his question, to which the prosecutor replied, "No, I don't." The objection was sustained, but the question was not dislodged from the minds of the jurors. (6) Under the first count of the two-count indictment, the jury found defendant not guilty on facts almost identical with those in the second count. That count also involved the same eyewitness police officer and the informant Anne Cunningham. (7) Armed with a search warrant, two other police officers entered Rencher's apartment on November 14, 1972 and made a complete search of the premises. They found nothing in the nature of contraband. A search of defendant's car on the same day also proved unproductive. (8) The prosecutor made inflammatory remarks and used questionable tactics before the jury to buttress his case. The trial court admonished him for these actions at a sidebar conference.

THE LAW

Section 6 of article I of the State Constitution, as well as the Sixth Amendment to the Federal Constitution, entitle a defendant to be confronted with the witnesses against him, yet on the trial of this indictment, Anne Cunningham—available to the prosecution—was not called. The remark of the prosecutor to the effect that she could have been subpoenaed by the defense was improper. The burden of proof is on the prosecution—and never shifts. A defendant is under no duty to call witnesses; and his failure to do so should be free of comment. (See *People v Harris,* 35 NY2d 665, and *People v Figueroa,* 38 AD2d 595, concerning improper remarks by the prosecutor during summation.) Accordingly, the judgment should be reversed and a new trial ordered. Rabin, Acting P. J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.