■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON DIAZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered March 31, 1975, after a jury trial, unanimously modified, on the law, to reverse the conviction of criminal sale of a controlled substance in the third degree, and remanding that count for a new trial, and otherwise affirmed as to conviction for criminal possession of a controlled substance in the seventh degree and criminal possession of a hypodermic instrument. The defense as to the charge of criminal sale of a controlled substance was agency. (See *People v Garcia,* 50 AD2d 730.) Accordingly, when the jury requested further instruction as to the definition of a seller, the court should not have denied the defense request to also recharge on the definition of agency. Further, there being no suggestion about the defendant being engaged in other aspects of the drug traffic, introduction of evidence concerning the different levels of drug dealers in New York City was prejudicial to the defense. (See *People v Stanard,* 32 NY2d 143.) Concur—Kupferman, J. P., Birns, Capozzoli, Lane and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RONSON, Appellant.—Judgment, Supreme Court, Bronx County, rendered on June 19, 1975, convicting the defendant after a trial by jury of manslaughter in the first degree, unanimously affirmed. We do not find any error in the denial by the trial court of the defendant's motion to interpose a defense of mental disease or defect after 11 jurors had been sworn. The defense never served a written notice required by CPL 250.10 and there was no abuse of discretion by the trial court in denying defendant's motion to extend the time to serve and file such notice during trial. We have also considered the contention of defendant that the trial court should not have allowed the prosecutor to refer to remarks made by the deceased and the Family Court Judge in a prior proceeding, and we have considered the further contention of the defendant that the trial court should not have directed that the defendant not discuss the substance of his testimony with counsel during luncheon. Assuming *arguendo* that there was error at the trial, we believe that, on the record before us, the case comes within the rule set down in *People v Crimmins* (36 NY2d 230), as the proof of the guilt of this defendant is overwhelming. Concur—Kupferman, J. P., Lupiano, Capozzoli, Lane and Nunez, JJ.