■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE DOWDY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 26, 1974, convicting him of criminally selling a dangerous drug in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. It is our opinion that under the facts of this case the trial court erred in denying defendant's request to charge the jury as to the defense of agency. It appears that the jury could have found that defendant acted as an agent for the undercover police officer to whom he was accused of selling cocaine (see *People v Lindsey*, 16 AD2d 805, affd 12 NY2d 958; see, also, *People v Roche*, 45 NY2d 78). Latham, J. P., Rabin, Gulotta and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY FONDAL, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Queens County, both rendered June 6, 1974, one convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence (Indictment No. 3014/73) and the other convicting him of attempted robbery in the third degree, upon his plea of guilty, and imposing sentence (Indictment No. 1621/73). Judgment as to Indictment No. 1621/73 affirmed. No opinion. Judgment as to Indictment No. 3014/73 reversed, on the law, and, as a matter of discretion in the interest of justice, indictment dismissed. In our opinion the trial court erred when it refused to charge criminal possession of stolen property in the third degree as a lesser included offense of robbery in the third degree (see *People v Hayes*, 43 AD2d 99, affd 35 NY2d 907; *People v Henderson*, 41 NY2d 233). The appellant has long since served his sentence and any possible period of parole. Accordingly, under the circumstances of this case, a dismissal of the indictment, rather than a new trial, is appropriate (see *People v Barnes*, 58 AD2d 608; cf. *People v Allen*, 39 NY2d 916). Mollen, P. J., Hopkins, Suozzi, Shapiro and O'Connor, JJ., concur.