■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES TURNER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County, rendered July 22, 1977, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The undercover police officer testified that he approached defendant on the street and told him that he had $46 and that he wanted five bags of heroin. Defendant told the officer to come with him to a social club at 2008 Fulton Street. Inside the social club defendant introduced the officer to Rudolph Dupree. Dupree gave defendant a small amount of cocaine to "snort". The officer and Dupree then went to another room. Defendant did not accompany them. Dupree then sold two bags of heroin to the officer for $20. The officer testified that he never paid defendant any money for drugs; nor had he seen any heroin in defendant's possession. However, police officers who were members of the undercover officer's back-up team, testified that they saw defendant drive a car registered to Rudolph Dupree's brother and that, subsequent to the heroin sale to the undercover officer, they saw the defendant speak to Rudolph Dupree. The court was of the opinion that the evidence adduced did not warrant a charge on the defense of agency. We find that the court should have charged the jury on the agency defense (see *People v Lam Lek Chong,* 45 NY2d 64; *People v Roche,* 45 NY2d 78; *People v Dowdy,* 64 AD2d 638; *People v Hool,* 46 AD2d 912). The prosecutor should not have offered extensive evidence on the procedures involved in the manufacture of heroin or on the hierarchy in the drug trade. This testimony was discussed by the prosecutor during his summation. It was prejudicial, its probative value was slight and it deprived defendant of a fair trial (see *People v Cook,* 42 NY2d 204; *People v Diaz,* 54 AD2d 639; *People v Maldonado,* 50 AD2d 556; *People v Rencher,* 49 AD2d 609). Titone, Hawkins and O'Connor, JJ., concur.

Martuscello, J. P., concurs as to the reversal of the judgment but otherwise dissents and votes to dismiss the indictment, with the following memorandum: The People failed to prove defendant's guilt beyond a reasonable doubt. The evidence did not show that defendant had entered into a

conspiracy with Rudolph Dupree to sell heroin, or that the defendant had acted as the agent of Dupree, or that defendant was associated in any way with Dupree's drug dealing, or that defendant had any personal or financial interest in bringing trade to Dupree (see *People v Branch,* 13 AD2d 714). Although Dupree gave a small amount of cocaine to defendant, he also gave cocaine to another person who was present at the social club. This precludes the inference that the cocaine given to defendant was his profit from the sale of the heroin. Defendant never had possession of any heroin. The evidence indicates that he merely introduced the undercover officer to Dupree. The evidence establishes that defendant was the agent of the undercover officer. One who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics *(People v Lindsey,* 16 AD2d 805, affd 12 NY2d 958; *People v Branch, supra).* Accordingly, the trial court should have granted defendant's motion to dismiss the indictment.