■ JOHN C. SAUNDERS, Appellant, v NATHAN S. KLINE, Respondent.— Judgment, Supreme Court, New York County, entered March 31, 1978, setting aside a jury verdict in favor of the plaintiff in the sum of $3,333.33 and dismissing the complaint, unanimously reversed, on the law and the facts, and the complaint and jury verdict reinstated; the action is remanded with a direction to enter judgment in favor of the plaintiff against the defendant in the sum of $3,333.33, together with costs in all courts. We find that the evidence was sufficient to sustain the jury's verdict for the plaintiff in the sum of $3,333.33 on the second trial of this action, previously held by this court to be an action to recover for unjust enrichment (Saunders v Kline, 55 AD2d 887). Accordingly we have concluded that the Trial Justice erred in setting aside the jury verdict and dismissing the complaint on the alternative grounds of the one-year Statute of Limitations and insufficiency of evidence, and have directed that the complaint and the jury verdict be reinstated and that judgment be entered in favor of the plaintiff in accordance therewith. Concur—Kupferman, J. P., Fein, Sandler, Bloom and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ECHOLS, Appellant.—Judgment, Supreme Court, New York County, rendered May 25, 1978, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him to a term from one year to life, is unanimously reversed, on the law, and the matter is remanded for a new trial. The Trial Judge erred in refusing to submit, as requested, the defense of agency to the jury. It is "the established New York rule that one who acts solely as the agent of a purchaser of narcotics cannot be convicted of the crime of criminal sale of a controlled substance." (People v Roche, 45 NY2d 78; 81.) Appellant testified that he had received no money and had merely, upon the undercover police officer's request for assistance in obtaining drugs, pointed out to him a person called "James" as someone who had heroin for sale. Thereafter, the transaction took place between the undercover officer and "James". In People v Roche (supra, p 86), the court stated "so long as there is some reasonable view of the evidence that the defendant acted as a mere instrumentality of the buyer, determination of the existence of an agency relationship should be submitted to the jury with appropriate instructions". The People concede that the defendant was entitled to this charge. Concur—Kupferman, J. P., Fein, Sandler, Bloom and Yesawich, JJ.