■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR GARAY, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J., at trial and sentence), rendered April 14, 1983, convicting defendant of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment of from 3 years to life, unanimously reversed, on the law, and the case remanded for a new trial.

On review of the record, in the circumstances of this case, the failure to charge the defense of agency amounted to reversible error (People v Roche, 45 NY2d 78; People v Argibay, 45 NY2d 45; People v Lam Lek Chong, 45 NY2d 64). In denying defendant's request to instruct the jury on agency, the trial court expressed the view that, throughout, defendant had urged entrapment as a defense and that this was "the most appropriate charge to the jury in this case, not agency." Thus, the court in effect held that the entrapment defense precluded reliance upon an agency defense. This was error since entrapment and agency are alternate defenses and the assertion of one does not bar reliance upon the other. Indeed, the Court of Appeals recognized in People v Roche (supra, at 85) that the defense of agency is often raised together with entrapment. Where there is support in the evidence, alternative or inconsistent defenses may be asserted (see, People v Steele, 26 NY2d 526, 529; People v Davis, 74 AD2d 607, 609; People v Felder, 39 AD2d 373, 378, affd 32 NY2d 747).

It is well established that "so long as there is some reasonable view of the evidence that the defendant acted as a mere instrumentality of the buyer, determination of the existence of an agency relationship should be submitted to the jury with appropriate instructions" (People v Roche, supra, at 86; see

*also, People v Argibay, supra,* at 53). The Court of Appeals in those cases distinguished between situations where one acts only as procuring agent for the buyer, participating in the transaction solely to assist the buyer, in contrast to the situation where one is a middleman or broker, proceeding largely for his own benefit and not solely to accommodate the buyer. Only the former is entitled to an agency charge since one who acts as an agent may not be convicted of selling narcotics. He is "a mere extension of the buyer", acting to procure what the buyer wants because the latter asked him to do so, "not out of any independent desire or inclination to promote the transaction" *(People v Argibay, supra,* at 53, 54).

In order to be entitled to an agency charge, there must be "at least some evidence, however slight, to support the inference that the supposed agent was acting, in effect, as an extension of the buyer" *(People v Argibay, supra,* at 55). Contrasted with this situation is that involving a middleman, not entitled to an agency charge, "be he a jobber or any other category of merchant trading in narcotics, or a broker furthering his own interests by serving both seller and buyer—who thus essentially acts for himself rather than merely as an extension of the buyer" *(People v Roche, supra,* at 83).

In our case, according to defendant, he was acting only to accommodate the buyer. He worked in a real estate office and was introduced to the undercover officer by the confidential informant. The informant told him that the officer was a movie director for whom the informant worked, who wanted to secure some cocaine and who might also be interested in buying a cooperative apartment. In subsequent conversations with the officer, defendant expressed an interest in selling him a cooperative but told him that he did not want to get involved in any narcotics transaction. The informant, a friend, who had previously obtained an apartment from defendant, suggested that if defendant arranged a connection with a supplier, the director might buy a cooperative apartment. Subsequently, when defendant met with the officer, intending to show him an apartment, the officer rejected the sales effort, stating, "Cesar, listen, what I need is coke, that's what I need, the apartment comes second." As a result, defendant furnished him with "Tony" Insignares' name and telephone number, told him to deal directly with Tony and stated he wanted nothing to do with it. Defendant then called Tony from a nearby telephone to advise that the director would be contacting him. The next day, the undercover officer met Tony and, after purchasing two ounces of cocaine, arrested Insig-

nares and his accomplice. Defendant was not present at the time, having taken his wife and family to a baseball game at Yankee Stadium.

In contrast to this account, codefendant Insignares, who denied being known by the name "Tony", claimed to be merely making a delivery of a package on defendant's behalf. Thus, there was a sharp factual issue as to whether one or more of the defendants was a principal in the transaction. Defendant testified that he got nothing out of the deal between Tony and the undercover officer and he denied offering to sell the officer a pound of cocaine for $29,000—"I was interested in selling him the co-op, that I was interested in * * * I didn't want to deal in no coke. I don't deal in coke."

Under all the circumstances, on this record, it does not appear, as a matter of law, that defendant could not be an agent, acting on behalf of the buyer. He testified that he received no money or gain and, upon the undercover officer's request for assistance in obtaining drugs, he merely furnished the name and telephone number of someone who could secure cocaine for him. In our view, his testimony was sufficient to have warranted submission of the agency relationship issue to the jury with appropriate instructions. On that basis, the denial of the request to charge the jury on the defense of agency was error and deprived defendant of his right to a fair trial (see, People v Bryant, 106 AD2d 650; People v Echols, 75 AD2d 531; People v Darrisaw, 68 AD2d 822, revd on other grounds 49 NY2d 786; People v Turner, 66 AD2d 904).

We have examined defendant's remaining contention that he was denied the right to confront witnesses by certain limitations imposed by the trial court with respect to cross-examination of the undercover and arresting officers, as to a felony complaint charging him with criminal facilitation in the second degree, and find it lacking in merit. Concur—Sandler, J. P., Ross, Asch, Kassal and Wallach, JJ.