■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO ORTIZ, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered August 22, 1988, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentenced him to 4½ to 9 years' imprisonment, unanimously reversed, on the law, and the matter remanded for a new trial.

The trial court erred when it refused to charge the defense of agency in this case, where a reasonable view of the evidence could have led the jury to conclude that defendant acted as a mere instrumentality of the buyer, thus supporting a theory of agency, which was the sole defense in this case. *(People v Roche,* 45 NY2d 78, 86, *cert denied* 439 US 958 [1978].) Specifically, defendant was entitled to the requested jury instruction based upon his testimony that he did not know the seller, and that he was acting solely on behalf of the buyer, a "pretty woman", who ultimately proved to be an undercover police officer. *(People v Roche,* 45 NY2d 78, 83, *supra; People v Argibay,* 45 NY2d 45, 55, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930 [1978]; *People v*

*Miano,* 143 AD2d 777 [2d Dept 1988]; *People v Garay,* 128 AD2d 413 [1st Dept 1987]; *see generally, People v Lam Lek Chong,* 45 NY2d 64, 75, *cert denied* 439 US 935 [1978] [enumerating the factors to be considered in determining whether an agency relationship existed].)

Accordingly, we reverse and remand for a new trial. Concur —Ross, J. P., Carro, Wallach and Rubin, JJ.