Jonnie TUNE, Appellant,

v.

W. K. CUNNINGHAM, Jr., Superintendent of the Virginia State Penitentiary, Appellee.

No. 8924.

United States Court of Appeals Fourth Circuit.

Argued June 7, 1963.

Decided July 9, 1963.

Lewis T. Booker, Richmond, Va. (Court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before SOBELOFF, Chief Judge, J. SPENCER BELL, Circuit Judge, and BARKSDALE, District Judge.

SOBELOFF, Chief Judge.

The appellant, Jonnie Tune, who was committed to the Virginia State Penitentiary on successive sentences imposed by the state court, has been endeavoring for more than four years to gain release on habeas corpus. Until this appeal his principal contention was that he had been denied counsel in his original trial in 1938 when he was convicted on several counts for felony. At one time his petition for certiorari was denied by the Supreme Court of the United States "without prejudice to an application for writ of habeas corpus in the appropriate United States District Court to have determined petitioner's allegation that he was not appointed counsel to defend him at the trial." Tune v. Smyth, 364 U.S. 853, 81 S.Ct. 72, 5 L.Ed.2d 76 (1960).

After a plenary hearing in the District Court on this issue it appeared that in Tune's 1938 trial in the state court two lawyers were appointed to defend him and two co-defendants. However, it also appeared that these lawyers were not appointed until the day of, or the day before, the trial and that the lawyers' meeting with Tune on the morning of the trial was only perfunctory. It was claimed that this consultation was conducted simultaneously with Tune and his co-defendants in a witness room just off the courtroom; that there was no inquiry into the details; that there was no consideration of the advisability of seeking a severance; that there was no independent investigation by the attorneys of the facts before reporting to the court that they were ready to offer a plea of guilty; that the proceeding involved three defendants each of whom was charged with seven different offenses occurring approximately at the same time and arising out of a prison escape; that there was substantial reason to think that some of the charges were repetitious or were applicable to less than all of the defendants; and that this casual treatment of the entire matter by the appointed counsel constituted in effect a denial of counsel.

The District Judge, after finding that counsel were in fact appointed, added that in his view they acted properly. The District Court made no findings of fact supporting this general conclusion of the adequacy of the lawyers' conduct. The court dismissed the petition for habeas corpus.

On several occasions we have held that performances of counsel very similar to that charged here did not constitute effective legal assistance, and that allegations such as those made here require a plenary hearing. Edgerton v. North Carolina, 315 F.2d 676 (4th Cir. 1963); Jones v. Cunningham, 313 F.2d 347 (4th Cir. 1963); Turner v. Maryland, 303 F.2d 507 (4th Cir. 1962); Jones v. Cunningham, 297 F.2d 851 (4th Cir. 1962). In the absence of specific findings, we are unable to determine upon what facts the District Court's judgment was based. Normally it would be appropriate to remand the case for specific findings, but the Commonwealth contends that when the petitioner claimed that he was afforded no counsel at his original trial, the state made its investigation and came into the federal court prepared to defend only on this issue and that the claim of inadequate performance by counsel was never presented in the state courts. In these circumstances we agree that this issue should not be raised for the first time in a federal court. Tune should have an opportunity to present his new claim to the state courts, and the judgment appealed from will be affirmed without prejudice to any later proceedings after available state remedies have been exhausted.

Affirmed.