**UNITED STATES of America ex rel. Richard Peter RIGWOOD, Petitioner,**

v.

**Hon. Vincent R. MANCUSI, Warden, Attica State Prison, Attica, New York, Respondent.**

**No. 68 Civ. 3119.**

United States District Court
S. D. New York.

Sept. 26, 1968.

Richard Peter Rigwood, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent; Michael Jaffe, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

The petitioner, now serving a term of life imprisonment, was convicted upon his plea of guilty to a charge of murder in the first degree. He appealed from the judgment of conviction and, at the same time, sought a writ of error coram nobis. In the latter proceeding he advanced three grounds for relief: (1) that the State had obtained a confession from him shortly after the crime in violation of his constitutional rights; (2) that his guilty plea was coerced and otherwise involuntary because of his fear that the State would use the confession against him at trial; and (3) that his plea was void because entered under an ex post facto application of the New York statute authorizing guilty pleas to first-degree murder charges.

The coram nobis court held that the allegations in petitioner's second claim were both conclusory and negated by the minutes of the plea. The record demonstrated that the plea was entered only after petitioner had consulted with counsel, who had fully advised him of his rights; further, the coram nobis court found that the trial court had accepted the plea only after extensive questioning of the defendant, establishing that petitioner had rendered his plea freely and voluntarily, with full understanding of his rights. The coram nobis court held that since petitioner's plea was voluntary, it precluded a collateral attack

upon the means used to secure his confession.[1] The Appellate Division affirmed, without opinion, both the judgment of conviction and the dismissal of the writ.[2] The Court of Appeals denied leave to appeal.

Petitioner now seeks a writ of habeas corpus on grounds advanced in the state courts; however, he expands the basis of his charge that the plea was not voluntary. Here he contends that the plea was coerced not only because he feared the possible use the State might make of the allegedly illegal confession, but also because his trial counsel, with knowledge of its illegality, failed to move to suppress and permitted him to plead guilty. Petitioner argues that the conduct of his trial lawyers amounted to a denial of the effective assistance of counsel, in violation of his Sixth Amendment rights.

The record of the State coram nobis proceeding shows that petitioner has not previously presented this charge to the New York courts.[3] Petitioner should make his effective-assistance claim in the state courts before he seeks federal intervention.[4] The claim is directly related to petitioner's charge that his plea was induced by fear of use of the allegedly illegal confession, and it does not appear to be frivolous.[5]

Accordingly, the petition is dismissed for failure to exhaust available state remedies, without prejudice to renewal in the event the State should deny relief upon the presently asserted ground.

---

1. People v. Nicholson, 11 N.Y.2d 1067, 230 N.Y.S.2d 220, 184 N.E.2d 190, cert. denied, 371 U.S. 929, 83 S.Ct. 300, 9 L.Ed. 2d 237 (1962); cf. United States ex rel. Glenn v. McMann, 349 F.2d 1018, 1019 (2d Cir. 1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966). The coram nobis court declined to pass upon petitioner's ex post facto claim in view of the pending appeal.

2. People v. Rigwood, 27 A.D.2d 707, 279 N.Y.S.2d 138 (1st Dep't 1967).

3. In the Appellate Division petitioner's new counsel stated that "the combined impact of the illegal confession and the * * *

New York rule for trying the validity of confessions effectively deprived assigned counsel of their option to litigate the guilt or innocence of this defendant." However, neither petitioner nor his appellate lawyers charged trial counsel with lack of effective representation based on their failure to move to suppress the initial confession.

4. Cf. United States ex rel. Knight v. Fay, 232 F.Supp. 910, 912 (S.D.N.Y.1964).

5. Cf. United States ex rel. Levy v. McMann, 394 F.2d 402, 404 (2d Cir. 1968); United States ex rel. Sniffen v. Follette, 393 F.2d 726 (2d Cir. 1968).