**UNITED STATES ex rel. William IRVING, Petitioner-Appellant,**

v.

**J. Leland CASSCLES, Warden, Sing Sing Prison, Ossining, New York, Respondent-Appellee.**

**No. 920, Docket 35393.**

United States Court of Appeals, Second Circuit.

Argued June 22, 1971.

Decided Sept. 3, 1971.

H. Howard Friedman, New York City, for appellant.

Amy Juviler, Asst. Atty. Gen. of State of New York (Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen. of the State of New York, on the brief), for appellee.

Before SMITH and HAYS, Circuit Judges, and POLLACK, District Judge.*

* Of the United States District Court for the Southern District of New York, sitting by designation.

PER CURIAM:

This is an appeal from an order of the United States District Court for the Southern District of New York which dismissed appellant's petition for a writ of habeas corpus. This court granted a certificate of probable cause and assigned counsel. We affirm the order of the district court, since we find that appellant has failed to exhaust his state remedies pursuant to the requirement of 28 U.S.C. § 2254(b) (1964).

Appellant attacks a judgment entered in the New York State Supreme Court, Bronx County, on July 2, 1968 convicting him of the crime of manslaughter in the first degree upon a plea of guilty. Appellant was sentenced to a term of imprisonment of not more than twenty years. The judgment of conviction was unanimously affirmed without opinion by the Appellate Division, First Department, of the State of New York,[1] and leave to appeal to the Court of Appeals was denied. On that appeal and in his petition for a writ of habeas corpus now before us, appellant claimed that the court should have granted his application to withdraw his guilty plea, that his confession to a fellow inmate should have been held to be inadmissible, and that the court should not have permitted perpetuation of the testimony of the fellow inmate on the ground that he was about to be deported.

In addition to appealing from his conviction appellant sought a writ of error *coram nobis* in the Bronx County Supreme Court which claimed *inter alia* that appellant had been coerced into pleading guilty, that promises were made to induce his plea of guilty, and that perjured testimony was presented at the *Huntley* hearing. This petition was denied and appeal from that decision is still pending in the New York State courts.

The claims presented in the *coram nobis* application are very closely related to the issues involved in the appeal from the conviction. Where, although state remedies as to certain issues have been exhausted, there are closely related issues as to which state remedies have not been exhausted, the application for habeas corpus should be denied. United States ex rel. DeFlumer v. Mancusi, 380 F.2d 1018 (2d Cir.1967) (per curiam). See United States ex rel. Levy v. McMann, 394 F.2d 402, 404 (2d Cir. 1968); United States ex rel. Sniffen v. Follette, 393 F.2d 726, 727 (2d Cir. 1968).

Dismissal of the petition is affirmed.

The court commends H. Howard Friedman for his able and conscientious presentation of Irving's case.

1. People v. Irving, 32 A.D.2d 741, 300 N.Y.S.2d 513 (1969).