Gabrielli, J.
The defendant, a New York City policeman, has been convicted of five counts of perjury and, by a divided court, the convictions have been affirmed (38 A D 2d 522). The main question on this appeal is whether testimony, otherwise inadmissible, was properly received when offered by the People solely for the purpose of supplying allegedly necessary background material to make the proof of the crimes charged intelligible to the jury.
The defendant was charged with having lied before a Grand Jury which was investigating police corruption in the Seventh Division. The charges stemmed from his denial of having gone to the home of Juan and Dolores Carreras to collect protection money for the Carreras’ policy business, and from his further denial that on another occasion he, together with three other officers, met with Carreras and two others for the purpose of discussing the method by which Carreras would be allowed to continue his policy business. During his opening the prosecutor, over objection, told the jury that he would “ paint a picture ” for them depicting “ (t)he corruption of almost an entire unit of police officers ’ ’ among whom was the defendant who ‘ ‘ used his power * * * to line his own pockets with money.”
Called by the prosecution, Inspector Sachson testified that as a result of information furnished by Patrolman Serpico, an investigation was launched which included corrupt activities of at least five other patrolmen. Then Serpico, who had been assigned duties with some of these men, testified at great length how the police contacted a number of gamblers, set the prices for protection and made collections for permitting these operations to continue. While Serpico’s testimony, consisting of some 76 pages of the record on direct, embroiled the defendant and other officers in corruption involving a number of other cases or instances, based, not on an account of corruption in *146 general, but on specific transactions with specific gamblers at specific times and places, it is critical and important to note that none of this testimony involved defendant’s two contacts with Carreras and the others, concerning which he was charged with giving false testimony before the Grand Jury; and the record is replete with instances where objections were made to the admission of this testimony.
The Trial Judge permitted the reception of all this testimony on the theory that it served as the background of the extorsive scheme which allegedly functioned under the protection of the defendant and others in the Seventh Division.
We are in accord with the doctrine that, in cases of this nature, in order to make the subject matter of a defendant’s perjury intelligible to the jury, some general background evidence of the nature and structure of the scheme is permissible (People v. Doody, 172 N. Y. 165) (cf. People v. Atkins, 7 A D 2d 393, and People v. Gleason, 285 App. Div. 278). At this point, it is well to point out that this is not a conspiracy case wherein it is “ within the discretion of the trial court to admit evidence which even remotely tended to establish the conspiracy charged ’ ’ (Devoe v. United States, 103 F. 2d 584, 588-589, cert. den. 308 U. S. 571); it is a case wherein a common plan or scheme exception is permitted as in People v. Duffy (212 N. Y. 57) and People v. Molineux (168 N. Y. 264).
Despite our agreement with the principle that some background testimony is permissible in cases of this nature, we emphasize that, as in People v. Gleason (285 App. Div. 278, 281-282, supra), “ the introduction of such [background] evi-> dence must be carefully monitored by the trial judge, as it is an accommodation that the general rules of evidence must at times make to the exigencies of the particular instance. * * * Every precaution must be taken lest it spill over its barriers and distort the jury’s contemplation of the determinative and critical evidence.” It appears, however, that Serpipo’s testimony, in particular, may have prejudiced the jury improperly, and since it exceeded permissible discretionary bounds, this testimony was not admissible “ to give the jury an intelligent understanding of the whole of the evidence ” (Bedell v. United States, 78 F. 2d 358, 364; see, also, People v. Robinson, 273 N. Y. 438, 445-446; People v. Atkins, 7 A D 2d 393, 394, supra; People v. *147 Gleason, supra). And yet another inherent prejudice in the impermissible receipt of this testimony is the use to which it was put by the District Attorney when, in his summation, he stated “ let your verdict speak for you, and let your verdict speak out, and you tell Robert Stannard [the defendant], and you tell Camello Zumatto and Patrolman Rodrigues and Patrolman Sola [concerning whom Serpico had testified], and every single one of them, you tell them with your verdict, that ‘ You can’t do it * * * Here, the sole charges were perjury against Stanard; not any other, nefarious activities involving him with the other patrolmen, for which the District Attorney was now seeking vengeance at the hands of the jury.
Inspector Sachson’s general review of events leading to the N Grand Jury investigation might be within tolerable limits, but Serpico’s extensive accounts of transaction after transaction, none of which had any relevancy to the perjury charges, was more than just cumulative. It added facts involving the defendant and others in a web of activity which could only be considered by the jury reprehensible, resulting in the perjury testimony becoming only background for the evidence of police corruption in the Seventh Division. Surely, the jury did not require a recital of such a prologue to understand fully what had taken place in the defendant’s encounters with Carreras and others. Seldom, in the face of such a panoply, can a court state with any conviction that evidence heard by a jury is not prejudicial to a defendant. In such cases we must attempt to strike a neat balance between possible prejudice to the defendant, and the indispensability of the challenged evidence to the People’s case; and it goes without saying that any substantial doubt on this scóre should weight the scales in favor of the defendant. We are convinced that the reasonable balance between the claimed importance of this background evidence and its potential for prejudicing the defendant’s case, was destroyed by the employment of it in an excessive amount, and the conviction should be reversed.
It is argued that the jury could not have been misled since, on each occasion that objection was made to receipt of the “ background ” evidence, the jury was instructed that it was introduced not for its truth and was not binding on the defendant. That these instructions (required on so many occasions) were precise and impeccable, does not cure the error in permitting *148 such an overabundance. The short answer to this argument is simply reached. The enormity of the corruption testimony prevented the jury from refusing to consider it on the main issue of guilt on the charges in the indictment. In the situation presented here, “ (p)erhaps even at best the safeguards provided by clear rulings on admissibility, limitations of the bearing of the evidence as against particular individuals, and adequate instructions, are insufficient to ward off the danger entirely ” (Blumenthal v. United States, 332 U. S. 539, 559). Truly prejudicial evidence cannot be erased from a juror’s mind by the court’s instructions (e.g., Bruton v. United States, 391 U. S. 123); nor may we write off the impropriety of this testimony as harmless error because of the evidence of perjury (People v. Steiner, 30 N Y 2d 762; People v. Carborano, 301 N. Y. 39; People v. Mleczko, 298 N. Y. 153), in view of the improper totality of the explanatory evidence which substantially prejudiced the defendant’s right to a fair trial (People v. Mirenda, 23 N Y 2d 439).
Nor is a contrary result dictated by People v. Doody (172 N. Y. 165, supra), relied upon by the People, a case involving a charge of perjury. Doody had testified, as a prosecution witness, regarding his involvement with certain public officials (defendants therein) concerning his corrupt transactions with them. Upon a retrial, Doody claimed not to remember anything pertinent to those transactions. He was thereupon indicted and convicted of the charge of perjury. In proving the charge of swearing falsely that he knew nothing about the illegal activities, the District Attorney was permitted to introduce background evidence of Doody’s illegal activities and his prior testimony, this, on the theory that he was so mixed in with these activities that any disclaimer of knowledge was incredible. In affirming the conviction the court observed that “ (t)here was no witness * * * who could swear that the defendant knew and remembered the facts which were the subject of inquiry. That issue had to be determined upon circumstantial proof ” (id., at p. 172). In the case before us, the District Attorney had the witnesses Carreras and others to testify in direct opposition to the defendant’s Grand Jury testimony.
In view of our determination we find it unnecessary to pass upon defendant’s other contentions.
*149 The order should be reversed and a new trial ordered.
Chief Judge Fuld and Judges Burice, Breitel, Jasen, Jones and Wachtler concur.
Order reversed, etc.