UNITED STATES of America ex rel. Vincent ALOI, Petitioner,

v.

Floyd E. ARNOLD, Warden of the Federal Penitentiary at Lewisburg, as Agent for the New York State Department of Correctional Services and Benjamin Ward, Commissioner of the New York State Department of Correctional Services, Respondents.

No. 76 Civ. 423.

United States District Court,
S. D. New York.

June 7, 1976.

La Rossa, Shargel & Fischetti, New York City, for petitioner; Gerald L. Shargel, New York City, of counsel.

Robert M. Morgenthau, Dist. Atty., New York County, New York City, for respondent Ward; Peter L. Zimroth, Henry J. Steinglass, Asst. Dist. Attys., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, convicted of the crime of perjury in the Supreme Court of the State of New York, seeks to void his conviction under a writ of habeas corpus [1] for alleged violation of his federally protected rights against self-incrimination and to due process of law under the Fifth and Fourteenth Amendments.

He is presently confined in the federal penitentiary at Lewisburg, Pennsylvania, serving a nine-year term of imprisonment pursuant to a judgment of conviction entered in this court for conspiracy to violate and violations of federal securities laws.[2] The federal judgment of conviction is not challenged. The New York state authorities have filed a detainer with the warden at Lewisburg based upon petitioner's state court conviction under which he is to serve a term of imprisonment of no less than two years and four months and no more than seven years.[3]

Petitioner's basic attack upon his state court conviction is that when under subpoena as a witness at a grand jury inquiry into a murder, upon the exercise of his Fifth Amendment right against self-incrimination, he was granted transactional immunity with respect to his testimony, subject only to a prosecution for perjury;[4] that after testifying before the grand jury he was indicted for perjury because of his denial that he had been present at an apart-

---

1. 28 U.S.C. § 2241. Petitioner commenced this habeas corpus proceeding in the Middle District of Pennsylvania, the place of his confinement, from which it was transferred to this district pursuant to 28 U.S.C. § 1404(a).

2. *United States v. Aloi,* 511 F.2d 585 (2d Cir. 1975).

3. The state does not contest petitioner's right to challenge at this time his future state incarceration. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

4. N.Y.Crim.Proc.Law §§ 50.10 and 190.40.

ment alleged to have been the meeting place of conspirators where the murder had been planned; that at the perjury trial the prosecution, over the objection of defense counsel, instead of confining the use of his compelled testimony to matters relevant to the corpus delicti of perjury, read to the jury his entire testimony, which included his background and portrayed him as a professional criminal and a leader of an organized crime group. Thus he claims that the use of compelled testimony given under a grant of immunity, which was immaterial to the perjury charge, not only violated his right against self-incrimination, but also was so prejudicial that it deprived him of a fair trial in violation of his right to due process of law.

At the threshold, the state contends that petitioner has not properly presented these claims to the state courts and therefore petitioner's application must be denied for failure to exhaust state remedies. Petitioner appealed his conviction, which was affirmed by the Appellate Division, First Department, without opinion. Leave to appeal to the Court of Appeals was denied; and leave to reargue the denial also was denied. This court has read the briefs and motions in the state courts and is persuaded that while petitioner may have presented one claim, viz., the use of alleged immaterial parts of his compelled testimony upon his trial in violation of his right against self-in-

crimination, he failed to present his clearly related claim that its use was so egregious and unfair as to deprive him of a fair trial in violation of his right to due process.

█ The exhaustion of state remedies requirement is a doctrine of substance under our system of federalism, reflecting a policy of federal-state comity.[5] Its rationale is that the state courts in the first instance are entitled to a fair opportunity to vacate a conviction resting upon alleged constitutional violations[6] since they are equally bound with the federal courts to protect citizens' constitutional rights.[7] *Picard v. Connor*[8] makes it clear that the federal habeas corpus applicant must do more than merely pass through the state courts; the exhaustion doctrine requires him "to present the state courts with the same claim he urges upon the federal courts." It is only when the "federal claim has been *fairly presented* to the state courts [that] the exhaustion requirement is satisfied."[9]

█ A judicial gloss upon this doctrine is that "[w]here, although state remedies as to certain issues have been exhausted, there are closely related issues as to which state remedies have not been exhausted, the application for habeas corpus should be denied."[10] Thus, the immediate issue is whether petitioner has fairly presented to the state courts the same two claimed in-

---

5. *Fay v. Noia*, 372 U.S. 391, 419–20, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Bowen v. Johnston*, 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455 (1939). *See also Rose v. Dickson*, 327 F.2d 27, 29–30 (9th Cir. 1964); *United States ex rel. Kessler v. Fay*, 232 F.Supp. 139, 142 (S.D.N.Y. 1964).

6. *See Schiers v. People*, 333 F.2d 173, 175–76 (9th Cir. 1964); *Tune v. Cunningham*, 319 F.2d 823, 824 (4th Cir. 1963); *United States ex rel. Kulikauskas v. Murphy*, 293 F.2d 563 (2d Cir. 1961); *United States ex rel. Gallo v. Follette*, 270 F.Supp. 507, 514 n.22 (S.D.N.Y.1967); *United States ex rel. Jiggetts v. Follette*, 260 F.Supp. 301, 302 (S.D.N.Y.1966); *United States ex rel. Ortiz v. Wallack*, 237 F.Supp. 854, 856 (S.D.N.Y.1965).

7. *Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

8. *Id.* at 276, 92 S.Ct. at 512.

9. *Id.* at 275, 92 S.Ct. at 512 (emphasis added). *Nelson v. George*, 399 U.S. 224, 229–30, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970); *Cameron v. Fastoff*, Dkt. No. 75–2073 (2d Cir. April 22, 1976); *United States ex rel. Johnson v. Vincent*, 507 F.2d 1309, 1311–13 (2d Cir. 1974), *cert. denied*, 420 U.S. 994, 95 S.Ct. 1435, 43 L.Ed.2d 678 (1975); *United States ex rel. Gibbs v. Zelker*, 496 F.2d 991, 993–94 (2d Cir. 1974). The exhaustion doctrine is codified in 28 U.S.C. § 2254.

10. *United States ex rel. Irving v. Casscles*, 448 F.2d 741, 742 (2d Cir. 1971), *cert. denied*, 410 U.S. 925, 93 S.Ct. 1376, 35 L.Ed.2d 586 (1973). *See also United States ex rel. Levy v. McMann*, 394 F.2d 402, 404–05 (2d Cir. 1968); *United States ex rel. DeFlumer v. Mancusi*, 380 F.2d 1018, 1019 (2d Cir. 1967); *United States ex rel. McBride v. Fay*, 370 F.2d 547, 548 (2d Cir. 1966).

fringements of his federal constitutional rights which he here advances and *vel non* they are related.

█ Under New York state law, materiality of the alleged perjurious statement to the grand jury investigation is an essential element of the crime of first degree perjury [11] to be determined by the jury.[12] The prosecution, in addition to petitioner's alleged false answer before the grand jury as to his visits to the apartment, tendered all his testimony as background to sustain its burden on the issue of materiality. Petitioner's counsel objected on the ground that the prejudice to defendant in admitting such evidence of his alleged membership in an organized crime family and of his questionable business associations outweighed its testimonial value and so should have been excluded. The trial court held that all grand jury testimony was relevant on the issue of materiality. Thus the basic objection was one of admissibility of evidence. At no time was the issue of deprivation of a fair trial presented to the trial court as one of constitutional dimension.

Further, in his brief to the Appellate Division, petitioner posed the matter in the statement of facts as follows:

"This trial of an indictment for perjury in the first degree became a trial of the defendant for his alleged status as member of an organized crime family, as well as a trial for murder and conspiracy to commit murder. This was brought about by the erroneous admission of evidence in the guise of background matter and to prove materiality, the prosecution's making an issue of and emphasizing the alleged character and reputation of the non-testifying defendant in his opening and closing arguments and during his examination of witnesses and by the inadequate monitoring of the evidence by the Court and the insufficient instructions to

the jury as to how the evidence should have been treated."

Any doubt that the issue was presented as an evidential error rather than a violation of a constitutional right to due process is dispelled by counsel's motion for reargument of the motion for leave to appeal to the Court of Appeals:

"Your deponent who argued the application confined himself almost exclusively to one issue. . . . The issue was the so-called 'Stanard' issue based upon the principle in *People v. Stanard,* reported at 32 N.Y.2d 143, [344 N.Y.S.2d 331, 297 N.E.2d 77] i. e., the question of what is admissible in the trial of a perjury indictment on the issue of background. In this case, the question evolved around what material was admissible to establish materiality even if it was also prejudicial."

In sum, the murky reference in the briefs to the use of petitioner's testimony for a purpose other than showing it was perjurious "would be a violation of his constitutional and statutory rights" did not clearly present to the state courts the same due process argument he presents here as required under the exhaustion doctrine.

█ Thus, even assuming arguendo that petitioner did present to the state courts his claim of violation of his privilege against self-incrimination, he never there presented his other claim that the use of his grand jury testimony offered on the issue of materiality was "so manifestly unfair as to rise to a constitutional due process violation." Indeed, petitioner here does not contend that the constitutional due process issue was raised in the state courts. Rather he merely states that the "fair trial claim was adequately presented to the state court and that the court had an opportunity to apply controlling legal principles to the facts." [13] But this was the very type of argument of exhaustion of remedies that the Supreme Court rejected in *Picard v. Connor.*[14] While

---

**11.** New York State Penal Law § 210.15.

**12.** *People v. Clemente,* 285 App.Div. 258, 136 N.Y.S.2d 202, 204–06 (1st Dep't), *aff'd* 309 N.Y. 890, 131 N.E.2d 294 (1954). *See also People v. Perna,* 20 A.D.2d 323, 246 N.Y.S.2d 920, 922–23 (4th Dep't 1964).

**13.** Petitioner's Reply Memorandum p. 18.

**14.** 404 U.S. 270, 276–77, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

recognizing that the habeas corpus applicant had made the same factual allegations in both the state and federal courts, the Supreme Court emphasized his failure to present in the state courts his claim "that the method by which he was brought to trial denied him equal protection of the laws," [15] and noted that "from the outset [he] consistently argued that he had been improperly indicted under [state] law." [16] The Court concluded that the state court had not been given "'an opportunity to apply controlling legal principles to the facts bearing upon [petitioner's] constitutional claim,'" since, although all the facts had been submitted, "the constitutional claim . . . inherent in those facts was never brought to the attention of the state courts." [17] Accordingly, the Court found that the "substance" of the federal habeas corpus claim had not been presented to the state courts. [18] This is the very situation with respect to petitioner's due process claim. [19]

■ Since petitioner's constitutional claims under the Fifth Amendment and under the due process clause of the Fourteenth Amendment both rest upon the alleged impropriety of introducing his entire grand jury testimony at his trial, these claims are so inextricably intertwined as to preclude this court from considering either one until petitioner has properly presented his due process claim to the state courts. [20] Accordingly, the petition for a writ of habeas corpus is denied for failure to exhaust available state remedies, but this is without prejudice to renewal in the event the state should deny the relief petitioner seeks.

15. *Id.* at 276–77, 92 S.Ct. at 513.

16. *Id.* at 277, 92 S.Ct. at 513.

17. *Id.* at 277, 92 S.Ct. at 513.

18. *Id.* at 278, 92 S.Ct. 509.

19. This court has also emphasized the need for pinpointing a constitutional claim precisely before the state courts in order to satisfy the exhaustion requirement. *See, e. g., United*

*States ex rel. Rigwood v. Mancusi,* 289 F.Supp. 849, 850 (S.D.N.Y.1968); *United States ex rel. McDonald v. Deegan,* 284 F.Supp. 166, 167 (S.D.N.Y.1968); *United States ex rel. Rios v. Fay,* 232 F.Supp. 368, 368–69 (S.D.N.Y.1964); *United States ex rel. Knight v. Fay,* 232 F.Supp. 910, 911 (S.D.N.Y.1964).

20. *See, e. g., United States ex rel. Brock v. LaVallee,* 306 F.Supp. 159, 165 (S.D.N.Y.1969).