■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Paul Bartolotta, Appellant

The defendant's conviction is based upon his giving false testimony during a Grand Jury investigation concerning extortion, robbery and the tampering with a certain witness. The defendant challenges his conviction on numerous grounds, several of which merit discussion. Initially, we reject his claim that the indictment is the product of a perjury trap set by the prosecutor (see, People v Davis, 53 NY2d 164, 174; cf. People v Tyler, 46 NY2d 251). This issue was properly presented to the jury which, in view of the verdict, determined that the indictment was not predicated upon interrogation techniques solely designed to trap the defendant into committing perjury. Moreover, on the record before us, there is no basis to disturb the jury's determination on this issue.

The defendant further contends that the People's case was based almost entirely upon evidence which was highly prejudicial, irrelevant and immaterial to the charges of perjury. We find that under the circumstances of this case the challenged evidence was properly admitted as background information "in order to make the subject matter of the defendant's perjury intelligible to the jury" (People v Stanard, 32 NY2d 143, 146; see, People v Doody, 172 NY 165). The record indicates that the trial court carefully monitored the introduction of this evidence and repeatedly instructed the jury to in no way connect the defendant to any criminal act other then the alleged perjury.

The defendant also maintains that his testimony was not material to the Grand Jury's investigation. Initially, we note that materiality is a question of fact for the jury (see, People v Davis, supra, p 170). On this record there is sufficient evidence to support a finding that the defendant's false testimony had the natural effect of impeding or dissuading the Grand Jury from pursuing its investigation.

Finally, with respect to the defendant's remaining contentions, we find that they were either not properly preserved for appellate review or are without merit. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.