■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIOS, Appellant. [660 NYS2d 971] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered May 16, 1996, convicting defendant, after a jury trial, of four counts of perjury in the first degree, and sentencing him to concurrent terms of 1½ to 4½ years, unanimously affirmed. The matter is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The evidence against defendant was legally sufficient and the verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations.

Defendant's current claim that he was unduly prejudiced by admission of testimony by a People's witness regarding that witness's own bad acts is unpreserved due to the lack of appropriate and timely objection, and we decline to review it in the interest of justice. Were we to review it, we would find it to be without merit. Since the witness was testifying pursuant to a cooperation agreement, the prosecutor properly elicited on direct examination the circumstances surrounding the witness' motivation for cooperating (*see, United States v Rothman*, 463 F2d 488, *cert denied* 409 US 956; *see also, People v Minsky*, 227 NY 94, 98), and defendant utilized the testimony to attack the witness's credibility. Further, the bad acts testimony did not implicate defendant (*compare, People v Stanard*, 32 NY2d 143, 147), and the court properly instructed the jurors that the testimony was admitted solely to assist them in evaluating the witness's credibility.

We perceive no abuse of discretion in sentencing. Concur—Milonas, J. P., Nardelli, Williams, Mazzarelli and Andrias, JJ.