■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALVARADO, Appellant. [764 NYS2d 351] —Judgment, Su-

preme Court, Bronx County (Efrain Alvarado, J., at hearing; Robert Straus, J., at jury trial and sentence), rendered July 14, 2000, convicting defendant of criminal sale of a controlled substance in the third degree (five counts), and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo,* 41 NY2d 759, 761 [1977]). The court, which had the benefit of seeing and hearing the witnesses, properly considered inconsistencies in testimony and documentation in concluding that defendant was arrested outside his apartment. Accordingly, there was no violation of *Payton v New York* (445 US 573 [1980]).

The court properly exercised its discretion in admitting evidence concerning a long-term narcotic surveillance operation that took place in the building where defendant sold drugs. This evidence constituted necessary background information since it was closely related to defendant's drug sales and it tended to explain various aspects of defendant's arrest and identification (*see People v Gines,* 36 NY2d 932 [1975]; *People v Stanard,* 32 NY2d 143 [1973]). We do not find the evidence to be excessively detailed under the circumstances. Furthermore, the court provided a suitable limiting instruction, to which defendant took no exception.

We perceive no basis for reducing the sentence. Concur—Ellerin, J.P., Williams, Lerner, Friedman and Gonzalez, JJ.