This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 89
The People &c.,
          Respondent,
        v.
Lennie Frankline,
          Appellant.



          Allen Fallek, for appellant.
          Jordan K. Hummel, for respondent.




MEMORANDUM:

     The order of Appellate Division should be affirmed.

     Defendant Lennie Frankline challenges his conviction, alleging that the victim's testimony about his prior act of violence against her, while generally admissible as nonpropensity evidence, was prejudicially excessive in scope.  Given the trial

record, we conclude reversal is unwarranted.

At defendant's trial on charges arising from his attempted murder and assault of his former intimate partner, A.H., she testified to an attack by defendant one week before the assault at issue.  The court allowed this testimony as an exception to the general prohibition on evidence of prior bad acts because it served as background about A.H.'s relationship with defendant, as well as proof of his intent and motive.[1]

On the stand, A.H. recounted how she and defendant came to live together, moved to Niagara County from New York City, and that sometime later she decided to leave defendant.  However, when she returned to their apartment to pick up her possessions, defendant confronted her and words escalated to violence.  A.H. described in detail how over the course of the next two to three days defendant physically, mentally, and sexually abused her, poured gasoline on her, and threatened to light her on fire.  She eventually managed to escape, and reported the attack to the police before returning with her mother to New York City.  A.H. next described that approximately a week later, defendant broke into her mother's home in New York City, and again beat her,

---

[1]Although the minutes of the Molineux hearing are apparently missing from the record, there is no dispute as to the court's evidentiary determination.  The court restated several times during trial that its initial and continued ruling was that A.H. could testify about the previous assault because it was background, intent and motive evidence.  Therefore, the record on appeal is sufficient to permit our review of defendant's challenge to the trial testimony.

doused her with gasoline, and attempted to ignite lighters in front of her, until she was once again able to escape.

The court provided the jury with three sets of limiting instructions regarding this evidence; the first immediately preceding A.H.'s testimony about the Niagara County attack, the second at the conclusion of her testimony, and then once more during the court's final jury charge. Each time the court informed the jury that the testimony concerning the Niagara County attack was introduced solely to provide background regarding the relationship between defendant and A.H., that the People contended it was proof of defendant's intent and motive, that the testimony was not evidence of defendant's propensity to commit the crimes charged, nor sufficient to convict defendant of those New York City crimes, and that the People had the burden to prove beyond a reasonable doubt all elements of those charged crimes.

The jury convicted defendant of attempted murder in the second degree (Penal Law §§ 110.00, 125.25), assault in the third degree (Penal Law § 120.00 [1]), two counts of burglary in the first degree (Penal Law §§ 140.30 [2], [3]), and endangering the welfare of a child (Penal Law § 260.10 [1]). The Appellate Division affirmed (123 AD3d 504 [1st Dept 2014]), and a Judge of this Court granted defendant leave to appeal (25 NY3d 1072 [2015]). We now affirm.

The People may not rely on prior bad acts as evidence of a

defendant's propensity to commit the crimes charged (People v Molineux, 168 NY 264, 313 [1901]), but the evidence may be admissible, as here, for background and to establish a defendant's motive (id. at 297; see also People v Resek, 3 NY3d 385, 390 [2004]; People v Till, 87 NY2d 835, 837 [1995]). Previous acts of intimate partner violence may be nonpropensity evidence "probative of [a defendant's] motive and intent to assault [the] victim" and which "provide[s] necessary background information on the nature of the [defendant and victim's] relationship" (People v Dorm, 12 NY3d 16, 19 [2009]). "Where there is a proper nonpropensity purpose, the decision whether to admit evidence of defendant's prior bad acts rests upon the trial court's discretionary balancing of probative value and unfair prejudice" (id.). A court's decision whether to admit the evidence is reviewed for abuse of discretion (id.). An error in the court's ruling, however, may be deemed harmless where the evidence of guilt is overwhelming and there is no significant probability that the jury would have acquitted but for the error (People v Crimmins, 36 NY2d 230, 241-242 [1975]).

Defendant concedes that the testimony about the Niagara County attack was admissible to show background and motive for the New York City assault, but claims that he was denied a fair trial because A.H.'s testimony was excessive and highly inflammatory, making it impossible for the jury to fairly and

objectively assess the evidence of the New York City assault.[2]
Essentially defendant argues he was prejudiced by the court's
failure to limit the testimony to a summary discussion of the
Niagara County incident.

Defendant relies on People v Stanard, wherein the Court
stated that lower courts must carefully monitor introduction of
background evidence and take every precaution "lest it spill over
its barriers and distort the jury's contemplation of the
determinative and critical evidence" (32 NY2d 143, 146 [1978]
[internal citation and quotation marks omitted]).  In Stanard,
the defendant was charged with perjury for lying to a grand jury
investigating police corruption in a division of the New York
City Police Department.  This Court held that the defendant was
entitled to a new trial because he was substantially prejudiced
by Patrolman Frank Serpico's extensive testimonial accounts
regarding numerous acts of corruption, which concerned specific
transactions unconnected and plainly irrelevant to the
defendant's alleged perjury.  As the Court explained, where the
background evidence is of such nature and amount that a court
cannot "state with any conviction that evidence heard by a jury

---

[2]Defendant argued below that the testimony was inadmissible
to show his intent because intent was inferable from his conduct
during the New York City attack.  Since defendant concedes, as
the Appellate Division concluded, that the evidence of the prior
assault was admissible as background and probative of defendant's
motive, we have no reason to opine on his claim that the
testimony should not have been admitted to show defendant's
intent.  Moreover, such claim has no impact on our analysis.

is not prejudicial to a defendant," "any substantial doubt" on where "to strike a neat balance between possible prejudice to the defendant, and the indispensability of the challenged evidence to the People's case . . . should weight the scales in favor of the defendant" (id. at 147). Thus, because Serpico's testimony did not help the jury to understand the defendant's actions, and instead "embroiled" him in general "reprehensible" police corruption, it destroyed "the reasonable balance between the claimed importance of this background evidence and its potential for prejudicing the defendant's case" (id. at 145-147). In light of the impact of the testimony, the trial court's limiting instructions did not cure the error, nor was the error harmless given "the improper totality of the explanatory evidence which substantially prejudiced defendant's right to a fair trial" (id. at 147-148).

We cannot say that both defects necessary for reversible error are present in defendant's case, namely, that the trial court abused its discretion by failing to limit A.H.'s testimony *and* that such error substantially prejudiced the defendant so as to foreclose a determination of harmlessness. Unlike the evidence in Stanard, here, A.H.'s testimony concerned the same parties, and served the nonpropensity purpose of directly explaining her relationship with the defendant and his motive. This is far from a case where "the jury did not require a recital of such a prologue to understand fully what had taken place in

the defendant's encounters with [the victim]" (id. at 147).  In the same vein, testimony that the defendant previously attacked A.H. would not have led the jury to marginalize, relegate to the background, or ignore the grievous nature of the New York City assault, which was characterized by physical violence and several failed attempts at immolation.

Under these circumstances, we perceive no error that requires a reversal of defendant's conviction.

People v Lennie Frankline

No. 89

FAHEY, J.(concurring):

The majority identifies two "defects necessary for reversible error" in this case, namely, that the trial court abused its discretion in failing to limit testimony that defendant assaulted the victim approximately one week before the instant crimes occurred, and that such error "substantially prejudiced the defendant so as to foreclose a determination of harmlessness" (majority op., at 6). The majority also concludes that both of those defects are not present here (see id.). In doing so, the majority has determined that the trial court erred with respect to the volume of evidence it admitted pursuant to People v Molineux (168 NY 264 [1901]), but that the misstep is harmless. I respectfully concur in the result only because, in my view, the trial court did not abuse its discretion with respect to the quantity of Molineux evidence that it admitted.

The question whether to admit evidence of an uncharged crime or crimes is answered by a familiar balancing test: if evidence of an uncharged crime or crimes is relevant to an issue other than a defendant's criminal disposition, then it may be admitted with proper limiting instructions upon a finding that its probativeness outweighs its potential for prejudice (see

- 1 -

People v Morris, 21 NY3d 588, 594-596 [2013]).  "[T]he threshold [task] of identifying a material issue to which the evidence is relevant poses a question of law," but "the balancing of probative value against potential prejudice is a matter that lies within the trial court's discretion" (People v Israel, 26 NY3d 236, 243 [2015] [internal quotation marks omitted]).

A question with respect to the volume of evidence of an uncharged crime or crimes to be admitted is subject to the same discretionary balancing of probative worth against prejudicial threat (see generally People v Stanard, 32 NY2d 143, 146 [1973]). Under the circumstances of this case, the trial court did not abuse its discretion in admitting all of the victim's testimony with respect to the prior assault.  In this instance, the extensive nature of the prior assault, in which the victim was held against her will for over two days, required extensive testimony from the victim, even for the limited purpose for which that evidence was offered (cf. id. at 147).

Moreover, that testimony was admitted in conjunction with no less than three curative instructions, through which the court scrupulously advised that such evidence was to be considered for only two purposes: to explain the relationship between defendant and the victim, and as proof of defendant's intent and motive.  Those instructions, which the jury is presumed to have followed, offset any potential for prejudice arising from the admission of the disputed testimony (see Morris,

21 NY3d at 598).

Consequently, for the foregoing reasons, I conclude that the trial court did not abuse its discretion in admitting the subject evidence, and I would affirm the Appellate Division order without reference to the harmless error doctrine.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera and Abdus-Salaam concur.  Judge Fahey concurs in result in a separate concurring opinion in which Judges Stein and Garcia concur.

Decided June 9, 2016