Fahey, J.
(concurring). The majority identifies two “defects necessary for reversible error” in this case, namely, that the trial court abused its discretion in failing to limit testimony that defendant assaulted the victim approximately one week before the instant crimes occurred, and that such error “substantially prejudiced the defendant so as to foreclose a determination of harmlessness” (majority mem at 1117). The majority also concludes that both of those defects are not present here (see id.). In doing so, the majority has determined that the trial court erred with respect to the volume of evidence it admitted pursuant to People v Molineux (168 NY 264 [1901]), but that the misstep is harmless. I respectfully concur in the result only because, in my view, the trial court did not abuse its discretion with respect to the quantity of Molineux evidence that it admitted.
The question whether to admit evidence of an uncharged crime or crimes is answered by a familiar balancing test: if evidence of an uncharged crime or crimes is relevant to an issue other than a defendant’s criminal disposition, then it may be admitted with proper limiting instructions upon a finding that its probativeness outweighs its potential for prejudice (see People v Morris, 21 NY3d 588, 594-596 [2013]). “[T]he threshold [task] of identifying a material issue to which the evidence is relevant poses a question of law,” but “the balancing of probative value against potential prejudice is a matter that lies *1118 within the trial court’s discretion” (People v Israel, 26 NY3d 236, 243 [2015] [internal quotation marks omitted]).
A question with respect to the volume of evidence of an uncharged crime or crimes to be admitted is subject to the same discretionary balancing of probative worth against prejudicial threat (see generally People v Stanard, 32 NY2d 143, 146 [1973]). Under the circumstances of this case, the trial court did not abuse its discretion in admitting all of the victim’s testimony with respect to the prior assault. In this instance, the extensive nature of the prior assault, in which the victim was held against her will for over two days, required extensive testimony from the victim, even for the limited purpose for which that evidence was offered (cf. id. at 147).
Moreover, that testimony was admitted in conjunction with no less than three curative instructions, through which the court scrupulously advised that such evidence was to be considered for only two purposes: to explain the relationship between defendant and the victim, and as proof of defendant’s intent and motive. Those instructions, which the jury is presumed to have followed, offset any potential for prejudice arising from the admission of the disputed testimony (see Morris, 21 NY3d at 598).
Consequently, for the foregoing reasons, I conclude that the trial court did not abuse its discretion in admitting the subject evidence, and I would affirm the Appellate Division order without reference to the harmless error doctrine.
Chief Judge DiFiore and Judges Pigott, Rivera and Abdus-Salaam concur; Judge Fahey concurs in result in a separate concurring opinion in which Judges Stein and Garcia concur.
Order affirmed, in a memorandum.