People v Ifill (2020 NY Slip Op 03078)





People v Ifill


2020 NY Slip Op 03078


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Renwick, J.P., Richter, Manzanet-Daniels, Singh, Moulton, JJ.


11573 143/14

[*1]The People of the State of New York, Respondent,
v
Richard Ifill, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Richard Ifill, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J. at hearing; Juan M. Merchan, J. at jury trial and sentencing), rendered July 27, 2017, convicting defendant of kidnapping in the second degree, robbery in the first degree, and two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
The hearing court properly denied defendant's motion to suppress a lineup identification. The record supports the court's finding that, under all the relevant circumstances, the lineup was not unduly suggestive (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). Even if defendant was the only lineup participant who appeared to be completely bald, his baldness was not mentioned in the description given by the victim (see People v Jackson, 98 NY2d 555, 559 [2002]). While that factor is not dispositive (see People v Perkins, 28 NY3d 432 [2016]), here the victim described his assailant as wearing a hat, making it less likely that he noticed any baldness.
A detective's testimony that the victim stated that he would be able to identify the older of the two assailants (whom he later identified as defendant) was not necessary to help the jury understand the complaining witness's testimony (see People v Stanard,32 NY2d 143 144-145 [1973]). However, the error was harmless, because there is no reasonable probability that this testimony affected the verdict (see People v Crimmins, 36 NY2d 230 [1975]), particularly where defendant was linked to the crime by significant DNA evidence.
The court properly concluded that defendant forfeited his right to be present at his sentencing, which had already been rescheduled numerous times (see People v Corley, 67 NY2d 105, 109-110 [1986]). The court based this finding on a reliable report that defendant had refused to be produced in court for sentencing, as well as defendant's ongoing conduct.
We have considered and rejected defendant's pro se claims.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK