People v Challenger (2021 NY Slip Op 06927)





People v Challenger


2021 NY Slip Op 06927


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Acosta, P.J., Renwick, Kapnick, Kennedy, Mendez, JJ. 


Ind No. 913/17 Appeal No. 14564 Case No. 2018-03866 

[*1]The People of the State of New York, Respondent,
v
Levi Challenger, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), and Bracewell LLP, New York (Rita K. Maxwell of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered April 6, 2018, convicting defendant, after a jury trial, of robbery in the second degree and assault in the second degree, and sentencing him to an aggregate term of 10 years,
unanimously reversed, on the law, and the matter remanded for a new trial.
The court should not have permitted the arresting detective to give lay opinion testimony that defendant was the person depicted in two surveillance videos. In this case, the alleged difference in appearance — the addition of eyeglasses — was de minimis, and the jury had access to photos of defendant without eyeglasses (see People v Reddick, 164 AD3d 526, 527 [2d Dept 2018], lv denied [2018]; People v Myrick, 135 AD3d 1069, 1074 [3rd Dept 2016], appeal withdrawn 27 NY3d 1072 [2016]; People v Coleman, 78 AD3d 457 [1st Dept 2010], lv denied 16 NY3d 829 [2011]). The People do not point to any case in which lay opinion testimony was permitted based on such a slight change in appearance. Moreover, "no other circumstance suggested that the jury, which had ample opportunity to view defendant, would be any less able than the [officer] to determine whether he was seen in the videotape" (People v Coleman, 78 AD3d at 458). Thus, the probative value of the detective's testimony did not outweigh its prejudicial effect (see People v Russell, 165 AD2d 327, 336 [2nd Dept 1991], affd 79 NY2d 1024 [1992]). Indeed, at the time of trial, the arresting detective was a 20-year veteran of the force and had 14 years experience investigating robberies and burglaries on the Lower East Side, where the incident occurred. He had made nearly 600 arrests and assisted in approximately 200 others. Stating twice that the perpetrator in this case was defendant carried significant weight in the eyes of the jury. Although the court provided limiting instructions, "[t]ruly prejudicial evidence cannot be erased from a juror's mind by the court's instructions" (People v Stanard, 32 NY2d 143, 148 [1973]).
Nor can this testimony be deemed harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]). This is a case that turned on identification, and the victim could not identify defendant as the perpetrator. Indeed, he did not testify at trial, and instead his grand jury testimony was read to the jury. In that testimony, he stated that at 3:00 a.m. on December 1, 2016, he was inside a bar located at 158 Ludlow Street. While at the bar, he purchased cocaine from an individual wearing a "patchy gray black sweatshirt" with a hood. When he left the bar at around 4:00 a.m., the victim noticed that he was being followed by the same man who had sold him cocaine and another man who had been at the bar with the seller. As the victim was walking past a pizza parlor around the corner from the bar, the man who had sold him cocaine approached him and demanded more money. When the victim refused, the man hit him. The next thing the victim recalled was waking up in a hospital with [*2]injuries to his eye, nose, and jaw, and missing his wallet, cellphone, and passport.
Although the bar's identification scans confirmed that defendant's driver's license was among the 469 licenses scanned on the evening in question, the jury would not have been able to convict without determining that defendant's appearance matched that of the perpetrator. In short, there is a significant probability that the arresting officer's testimony influenced the jury in its task, which was to view the security camera footage and determine if the attacker visible in that footage was defendant.
We need not reach any other issues raised on appeal. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021