■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAJOR HARDEN, Also Known as MAJOR BROWN, Appellant.— Under reargument, judgment of the Supreme Court, Suffolk County, rendered April 11, 1969 on resentence, affirmed. No opinion. (Reargument was granted on June 23, 1971 [*People* v. *Harden,* 37 A D 2d 621] after the judgment was previously affirmed, on January 19, 1970 [*People* v. *Harden,* 33 A D 2d 920].) Order of the County Court, Suffolk County, dated May 18, 1971, affirmed. No opinion. Munder, Acting P. J., Martuscello, Latham, Christ and Benjamin, JJ., concur.

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SERGIO LA FONTAINE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 22, 1971, convicting him of criminal possession of a dangerous drug in the first and fourth degrees and criminal possession of weapons and dangerous instruments and appliances as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. In our opinion defendant was prejudiced and denied a fair trial by the following evidentiary rulings made by the trial court: (a) the admission into evidence of a bankbook which was not covered by the search warrant and which bankbook was used by the prosecutor in summation to establish that defendant had been dealing in narcotics; (b) the admission into evidence of testimony regarding the sale of narcotics by two strangers outside the door of defendant's apartment, which testimony tended to prove against defendant a crime not charged in the indictment (*People* v. *Molineux,* 168 N. Y. 264); and (c) the admission into evidence, solely on the question of credibility, of a small amount of heroin and cutting and packaging paraphernalia found in the basement which had previously been suppressed, as not covered by the search warrant, during a hearing on a motion to suppress. The effect of the admission of this evidence was demonstrated by the jury's questions regarding the control of and means of access to defendant's storage area in the basement, even though the trial court had previously instructed the jury that the evidence was admitted solely on the issue of a detective's credibility. Moreover, we are of the opinion that the prosecutor, in summation, through several statements, made himself an unsworn witness and supported his case by his own veracity and position (*People* v. *Lovello,* 1 N Y 2d 436; *People* v. *Jackson,* 7 N Y 2d 142). We have examined all of defendant's other points and have found them to be without merit. Shapiro, Gulotta, Christ and Brennan, JJ., concur; Latham, Acting P. J., dissents and votes to affirm the judgment, with the following memorandum: Defendant was charged with and convicted of the crime of criminal possession of a dangerous drug in the first degree, to wit, possession of over two pounds of heroin in defendant's apartment and store. Defendant's guilt was clearly established beyond a reasonable doubt by the testimony of numerous law enforcement officials. Under these circumstances, the errors cited by the majority herein can and should be treated as harmless, and the judgment of conviction should be affirmed in all respects (CPL 470.05, subd. 1; former Code Crim. Pro., § 542).