■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES GRAYDON, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered August 8, 1972, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. We have not passed upon the findings of fact implicit in the verdict. The testimony of various witnesses was in sharp dispute as to the events leading up to the shooting of Henry Dennis by defendant. One of the central issues before the jury involved the defense of justification. The jury was properly instructed that defendant was not entitled to use physical force if he was the initial aggressor and did not communicate his intention to withdraw from the conflict or if he provoked the action with the intention to cause physical injury to another (see

Penal Law, § 35.15). Some witnesses testified that defendant pointed a gun at John Dennis before he was attacked by Henry. Other witnesses denied that he pointed a gun prior to Henry's attack. Clearly, the resolution of that question was of critical importance, as is borne out by the repeated requests of the jurors for rereadings and clarification of the charge as to the defense of justification. Under these circumstances, it was highly prejudicial for the People to elicit testimony on redirect examination from their expert psychiatric witness to the effect that he had found defendant's version incredible and for the witness to explain the reason for that conclusion to the jury. This was equivalent to allowing the expert to testify that defendant was guilty (cf. *People* v. *Creasy,* 236 N. Y. 205, 221–223). Opinion evidence may not be received as to a matter upon which the jury can make an adequate judgment (*People* v. *Grutz,* 212 N. Y. 72, 82; *People* v. *Barber,* 115 N. Y. 475, 491–492; *People* v. *Higgins,* 5 N Y 2d 607, 627, 628; *People* v. *Williams,* 6 N Y 2d 18, 23). The defense had not opened the door to this line of questioning. On cross-examination, the prosecution witness volunteered the unresponsive answer that defendant's version was incredible. This line of questioning was not pursued. In a close case, as this was, it is intolerable to permit a witness, cloaked in the garb of apparent expertise, to assume the function of the jury and attempt to answer the ultimate fact issue presented or to comment upon the truthfulness of fact testimony theretofore given. The prejudicial impact of such expert testimony is not diminished by the fact that the witness was categorizing defendant's statements to him, rather than his trial testimony, as incredible, since there was no substantial difference in the version given by that witness to the psychiatrist and defendant's trial testimony. Latham, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.