Memorandum. The order of the Appellate Division should be affirmed. After accosting the complainant in the hallway on the fourth floor of her apartment house, defendant dragged her at knife point to the roof where he proceeded to rob her. Over objection to the entire line of questioning, the complainant was then allowed to testify further that defendant had raped her incident to and immediately following the robbery. Such testimony was admissible to complete the narrative of *933 the episode and to establish the complainant’s opportunity to identify defendant as her assailant (People v Acevedo, 32 NY2d 941).
Additionally, if as the dissent contends, the complainant’s testimony here was amplified with lurid particularity concerning the details of the rape to an extent that may have exceeded normal bounds for legitimate purposes of narrative and identification, the issue is not preserved for our review. The only objection was made at the outset and then to any testimony at all with respect to the rape. No objection was made, separate and apart therefrom, that the prosecutor was eliciting inadmissible detail in his interrogation of the witness.