■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE MALDONADO, Appellant.—Judgment, Supreme Court, Bronx County, rendered January 7, 1974, convicting defendant, after a jury trial, of criminal sale of a dangerous drug in the third degree and criminal possession of a dangerous drug in the fourth and sixth degrees, unanimously reversed, on the law and in the interest of justice, and the matter remanded for a new trial. The reversal is mandated solely because of the excesses of the prosecution in the presentation of its case. Introduction of limited background material describing the scene of a crime or the method of operation of an unfamiliar criminal scheme may be permissible. However, the boundary of propriety is reached when the "background" material introduced includes substantial live testimony as to the proliferation of narcotics sales in the area, how narcotic drugs are packaged for illicit sale, and introduction in evidence of 10 pages of maps describing the area and the number of crimes committed in the area, as well as admitting into evidence binoculars used in surveillance of the area (cf. *People v Green,* 35 NY2d 437; *People v Stanard,* 32 NY2d 143). The bulk of this evidence was irrelevant and its function could only have been to focus on the narcotic trade in general, thereby prejudicing the jury against defendant. The evidence introduced should, rather, have focused more sharply on the defendant and the single sale with which he was charged. Similarly, the summation of the District Attorney was overly zealous. For example, counsel had stipulated that seven tinfoils in question contained cocaine, thus obviating the need to call a chemist to the stand. Nonetheless, the following colloquy transpired during summation: "The defendant's counsel admitted, by his stipulation, that is what is in these packets, cocaine. That is an admission that he has given to you. The reason that the defendant knows these are drugs is because had [sic] had them. If he didn't have them how would he have [Counsel for defendant:] Objection. The reason that the defendant knows it was drugs is because there is a police lab report. That's why I stipulated. THE COURT: That's correct. Don't refer to it that way. The defendant now concedes its [sic] a narcotic drug, but your phraseology, the way you are using it, you are inferring that he has some knowledge other than the police lab report. That's improper." Despite this admonition, the District Attorney immediately thereafter again inferred that counsel conceded the guilt of his client by stating: "Now, the issue here is: Did he do it? Did he sell the drugs to Mr. Ortiz? And did he possess the drugs in that clump of grass? Did he do it? That's the issue. The defendant wants it both ways. If he is referring he's

not the man then who did it? Why did defense counsel in his examination of the People's witnesses refer to him as Mr. Maldonado? Refer to the man who the police officers saw from the roof as that man and not say the alleged perpetrator, the man you saw? Could have been a number of expressions to use than Mr. Maldonado." While this is but one example of the excesses of the District Attorney, and while the court did consistently give curative instructions defining the function of the evidence introduced and directing that the jury disregard certain comments of the District Attorney, we find that a right sense of justice mandates remand for a new trial. Concur—Murphy, J. P., Lupiano, Capozzoli and Lane, JJ.