■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY PHILPOT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 30, 1972, convicting him of criminal possession of a dangerous drug in the fourth degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and

imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant was denied a fair trial by the introduction into evidence of extensive so-called background material that lacked both relevance and probative value on the unambiguous crimes charged *(People v Green,* 35 NY2d 437; *People v La Fontaine,* 39 AD2d 734; cf. *People v Stanard,* 32 NY2d 143). Some of the inadmissible testimony, by way of example, was that the arresting officer made 12 unrelated arrests for sale or possession of heroin in the *vicinity* of the subject premises, that he had hearsay information that "apparent drug addicts were coming and going all hours of the day and night", that the neighborhood is one in which "quite a few junkies * * * hang out", and that he received information from "a confidential informant [to support the search warrant naming *an individual* not on trial] that the ground floor [defendant's apartment] was being used as a shooting gallery which is a place where narcotics addicts go and inject heroin or a drug * * * and * * * sell heroin from" (bracketed matter supplied). Rabin, Acting P. J., Hopkins, Martuscello, Christ and Shapiro, JJ., concur.