■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER ELDRIDGE, Appellant.—Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant appeals from a judgment of conviction for possession of a weapon and dangerous instrument, under subdivision 3 of section 265.05 of the Penal Law. The sole question is whether the People proved the elements of the crime of possession of a firearm. The term "Firearm" is defined in subdivision 3 of section 265.00 of the Penal Law as "any pistol, revolver, sawed-off shotgun or other

firearm of a size *which may be concealed upon the person"* (emphasis supplied). The sawed-off shotgun which the trial court found that the defendant possessed has an over-all size of 27 inches in length with a padded stock or butt which measures 12 inches in circumference. In a similar case, in which the measurements of the firearm were the same as in the instant case *(People v Palermo,* 36 AD2d 565), we stated the applicable principle as follows: "The sole issue turned upon proof beyond a reasonable doubt that the gun was 'of a size which may be concealed upon the person.' From our inspection of the gun we agree with defendant's contention that the People failed to prove a prima facie case and that there was no proof that a concealable weapon was involved." (See, also, *People v Roberts,* 73 Misc 2d 500—over-all length of sawed-off shotgun 23-½ inches.) It is clear that the legislative intent in the adoption of subdivision 3 of section 265.00 is to proscribe possession of weapons which can be "concealed upon the person". Our examination of the firearm in question convinces us that the statute is not directed to the weapon which defendant possessed. In the circumstances, the indictment is dismissed. (Appeal from judgment of Erie County Court adjudicating defendant a youthful offender.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ.