Wachtler, J.
After a jury trial, the defendant, Joseph Cook, was found guilty of robbery in the first degree (Penal Law, § 160.15) and burglary in the first degree (Penal Law, § 140.30). He was sentenced to concurrent indeterminate terms of imprisonment with a maximum of 20 years. The Appellate Division affirmed. On this appeal he contends that the trial court committed reversible error in allowing Kathleen Hotaling to testify with respect to an alleged sexual assault committed by one of the three intruders in her home.
These facts are undisputed. In the early morning hours of November 18, 1974 Kathleen and Edwin Hotaling were asleep in the bedroom of their home in Albany, New York. They were awakened by the sounds of three intruders entering *206 their bedroom. The three men were wearing nylon stocking masks which obscured their facial features. They ordered the Hotalings to pull the bed covers over their heads. At least one of the burglars was seen carrying a gun. The men then bound the hands and feet of their victims, tied them together in the bed and demanded money from them. The criminals then forcibly removed the Hotalings’ jewelry, ransacked their home and removed several items of personal property from the premises. The culprits then fled in their victims’ car.
Subsequently the police investigating this incident obtained a search warrant for premises located at 57 Dove Street, Albany, where they discovered many of the items taken from the Hotalings’ residence. While the police were at the residence, Joseph Cook and another individual arrived. Cook was wearing an earring which later proved to have been taken during the robbery. He was arrested, given his constitutionally mandated warnings and taken to the police station where he later signed a written statement implicating himself.
Cook was subsequently indicted for robbery in the first degree, two counts of robbery in the second degree, burglary in the first degree and burglary in the second degree.
At the trial the defendant testified that the written confession was coerced and that he was not involved in the incident. In support of this claim he presented four alibi witnesses.
As part of the People’s case, the prosecution called Kathleen Hotaling as a witness. She testified as to the events of the burglary and robbery, giving a general description of the intruders but never specifically identifying any of the criminals. During the course of her testimony, she related an alleged sexual assault committed by one of the intruders. She stated that while two of the men were ransacking the house, a third man re-entered the bedroom and that "he had himself exposed in front of me and put his hand up inside of me.” Defense counsel’s objection was overruled and the prosecutor pursued the issue further:
"Q. Let me break in for a moment. When you say this individual exposed himself, what did he do?
"A. He had has pants unzipped and his penis was exposed.
"Q. And where was he in relation to you when he did this?
"A. He was sitting on the bed up near my head.
"Q. What did he do then?
"A. He had his hand on the inside of my leg.
*207 "MR. GRAY [defense counsel]: Same objection
"THE COURT: Overruled.
"Q. I don’t mean to press you on this, but would you explain to the ladies and gentlemen of the jury exactly what you mean when you say he had his hand inside your leg?
"A. He had his hand—
"MR. GRAY: Objection.
"THE COURT: Overruled.
"A. —on the inside of my leg and he put his hand to my vagina.
"Q. After this happened, what happened then?
"A. His friends came back and they said, 'Come on, let’s get out of here’, similar terminology.”
Thereafter, during the course of his summation, the Assistant District Attorney again made reference to Mrs. Hotaling’s testimony concerning the sexual assault: "[T]wo of the individuals went out and the Hotalings told you they could hear them ransacking the rest of the house. What did the other man do? Well, he was going in for a different type of ransacking. And I don’t think I even need to repeat what happened, because I’m sure that is very fresh in your minds, what Mrs. Hotaling encountered with that one individual who came back in. * * * [H]e (the defendant) admitted to what he couldn’t deny, that he was at 71 Beach Avenue on November 18th, 1974. He admitted walking out, helping load things in the car. He tells you they went to 57 Dove Street, tells you the times. He wouldn’t admit to the rest. He didn’t admit to the gun, he didn’t admit to the gruesome acts done to Mrs. Hotaling. How convenient. But that is just one of the many excuses Joseph Cook has tried to pass off on this jury.”
The defendant argues that the prosecutor deliberately and unnecessarily placed before the jury evidence of the sexual assault, and uncharged crime, and that this testimony was so prejudicial and inflammatory as to require a new trial. The People, on the other hand, contend that testimony about the sexual assault was admissible as part of the narrative of the events of the evening in question, citing People v Gines (36 NY2d 932) and People v Acevedo (32 NY2d 941). We hold that it was error to allow this testimony into evidence, but that, in light of the overwhelming proof of guilt in this case, the error was harmless (People v Crimmins, 36 NY2d 230).
*208 It is axiomatic that evidence of uncharged crimes may be introduced only when the testimony is relevant and necessary to the prosecution’s case (People v Molineux, 168 NY 264; see People v Stanard, 32 NY2d 143). Moreover, in determining the admissibility of such evidence, a balance must be struck between the probative value of the testimony in connection with the crimes charged and the danger of undue prejudice to the defendant (People v Schwartzman, 24 NY2d 241, 247). A defendant is entitled to have the jury determine his guilt or innocence solely upon evidence tending to prove the crime charged and uninfluenced by irrelevant and prejudicial facts and circumstances (People v Tassiello, 300 NY 425, 430-431; see People v Posner, 273 NY 184, 190).
Nor are these basic principles altered by our holdings in People v Gines (supra) and People v Acevedo (supra). In those cases we merely held that testimony concerning an uncharged crime was admissible "to complete the narrative of the episode and to establish the complainant’s opportunity to identify the defendant as her assailant” (People v Gines, supra, at pp 932-933). In those cases, therefore, the probative value of the testimony about the uncharged crime outweighed the potential prejudice and, hence, the testimony was properly admitted.
The case now before us, however, does not fit within the exceptions delineated by Gines and Acevdeo and the prosecutor was as much in error in relying on those precedents as he was in pursuing the prejudicial inquiry. The testimony in question cannot be held admissible on the ground that it "establish[ed] the complainant’s opportunity to identify the defendant as her assailant”, since the record indicates that Mrs. Hotaling never identified Cook as one of the intruders. Indeed, because of the stocking masks worn by the three marauders, she was only able to give vague, general descriptions of the men. Further, there is no indication in the record, apart from the prosecutor’s totally unfounded and highly improper suggestions on summation, that Cook was the individual who sexually abused Mrs. Hotaling.
. The testimony in question would have been highly prejudicial and inexcusably inflammatory but for the other evidence which overwhelmingly establishes defendant’s guilt. We do not feel that the error in admitting this testimony warrants a reversal of the conviction, although the prosecution did transcend legitimate bounds by probing the lurid and intimate *209 details of the uncharged sex crime. In view of the defendant’s oral and written inculpatory statements, which the Appellate Division properly found to be admissible, acknowledging his participation with others in this crime, and the presence of contraband on his person at the time of his arrest, the error in allowing into evidence the testimony concerning the sexual assault must be considered harmless.
In reaching this conclusion we initially note that the defendant was never identified by the victim as her molester and any prejudicial taint concerning him was therefore indirect at best. Nor was it claimed before the jury that the sexual molestation was a part and parcel of the criminal plan in connection with the burglary-robbery. Finally, any prejudicial hint to be found in the prosecutor’s summation that the defendant may have been directly responsible for the sexual assault was not objected to and cannot serve as a basis of a claim of error on the instant appeal (People v Kuss, 32 NY2d 436, 445). In light of the foregoing we find insufficient reason to upset the conviction.
Accordingly, the order of the Appellate Division should be affirmed.