■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE BLACKETTE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 2, 1978, convicting him of criminal sale of a controlled substance in the third degree, upon a jury

verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issues have been raised with regard to the sufficiency of the facts. Defendant was charged in a two-count indictment with "acting in concert" in two separate sales of narcotics to an undercover officer on May 18, 1976 and June 2, 1976. At trial, after the defense had rested without presenting any proof, the court, on motion, dismissed the first count of the indictment (involving the May 18 transaction) for legal insufficiency. Thereafter, the court charged the jury that it was not to deliberate as to the first count of the indictment and, in what we now hold to have been a proper decision, denied a prosecution request to instruct the jury that it might rely upon *all* of the evidence in the case in considering the second count of the indictment (i.e., the June 2 sale). However, when the jury subsequently returned from its deliberations to inquire of the court whether it might "use the May 18th evidence as part of the June 2nd case", the court reversed itself and answered: "You will use all of the evidence in this case in considering the second count of the indictment, which is the June 2nd case". In our opinion, this supplemental charge was erroneous. Assuming for the sake of argument that the evidence deemed legally insufficient to establish defendant's complicity in the May 18 sale might have had some slight relevance to the prosecution of the second count of the indictment (and none has been demonstrated on this appeal), it is our belief that any such scant relevance was more than outweighed by the undue prejudice to the defendant resulting from the court's charge (see *People v Fiore,* 34 NY2d 81; *People v Jones,* 62 AD2d 356). As the Court of Appeals has only recently stated: "It is axiomatic that evidence of uncharged crimes may be introduced only when the testimony is relevant and necessary to the prosecution's case * * * Moreover, in determining the admissibility of such evidence, a balance must be struck between the probative value of the testimony in connection with the crimes charged and the danger of undue prejudice to the defendant * * * *A defendant is entitled to have the jury determine his guilt or innocence solely upon evidence tending to prove the crime charged and uninfluenced by irrelevant and prejudicial facts and circumstances*" (*People v Cook,* 42 NY2d 204, 208; emphasis supplied; see, also, *People v Green,* 35 NY2d 437; cf. *People v Jackson,* 39 NY2d 64). Moreover, the jury was not sufficiently instructed as to the limited purposes for which such evidence might be considered (see *People v Fiore, supra,* p 84; *People v Sorenson,* 70 AD2d 892). In view of the jury's request to consider such evidence, we believe that prejudice to the defendant must be presumed. Hopkins, J. P., Titone, Mangano and Gulotta, JJ., concur.