THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASTY HYMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 7, 1978, convicting him of two counts of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant was tried on two counts of criminal possession of a controlled substance in the first degree after having been acquitted at a prior trial of sale and possession with intent to sell charges (a second trial was aborted during the presentation of the People's case). At the instant trial the court allowed the prosecutor to introduce into evidence and play for the jury several tape recordings of conversations between an undercover officer and Rufus Boyd, a codefendant of the defendant at his prior trials. These conversations consisted of negotiations and arrangements regarding a large scale purchase of heroin. The only cautionary instruction given with respect to the tape recordings was to advise the jury that these conversations were not binding upon the defendant, but were admitted solely because he was accused of acting in concert. In addition, the undercover officer was permitted to testify as to her general experience regarding covert operations (e.g., the number of drug sales in which she had been a participant) and her visits to Rufus Boyd's business establishment prior to the commencement of the "buy" operation in question. None of the tape recordings should have been received in evidence at defendant's trial, since, inter alia, it did not relate to the possession charges against defendant but rather to the related sale counts of which he had already been acquitted. The testimony of the undercover officer regarding her general experience in covert operations and her prior visits to Rufus Boyd's business establishment was allowed as background evidence. However, it is questionable whether this testimony was in any way relevant to the prosecution's case on the possession charges (see People v Cook, 42 NY2d 204). Certainly, this background material was not so inextricably interwoven with the present charges as to mandate their use (see People v Vails, 43 NY2d 364). Moreover, any value that such evidence might have had to the prosecution was more than outweighed by the extreme prejudice to the defendant (see People v Stanard, 32 NY2d 143; People v Sorenson, 70 AD2d 892; People v Gillespie, 58 AD2d 893). It should be noted briefly that the prosecutor compounded these errors by including in his summation several attempts to tie the defendant to Rufus Boyd and the drug sales. Standing alone, the court's prompt action in twice sustaining objections to such statements would have sufficed to cure any prejudice. However, on the present record, these remarks were merely the culmination of a concerted effort to convict defendant based upon his association with Rufus Boyd. Titone, J. P., Lazer, Gulotta and Martuscello, JJ., concur.