■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATSY PURPERA, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant was acquitted of murder in the second degree, manslaughter in the second degree and criminal possession of a weapon in the second degree but convicted of criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]) in a jury trial on charges stemming from a fatal shooting with a sawed-off shotgun. In his testimony defendant stated the shooting was accidental. The evidence was sufficient to support the finding of guilt for the possession of a loaded firearm as the term is defined in subdivision 3 of section 265.00 of the Penal Law. The weapon was never located, and, al-

though defendant indicated its length to the jury with his hands, there is nothing in the record to show its precise size. There was evidence that the weapon was sufficiently short to be concealed under defendant's poncho and to be secreted in a small, hollowed-out space in the springs under one of the front seats in a small compact car. Furthermore, eyewitnesses to the shooting, which occurred when defendant was handling the gun inside the car while the victim was standing outside the car, observed no part of the gun protruding from the car but only the flash of the gunshot from within. The court's only definition of "firearm" under subdivision (4) of section 265.02 of the Penal Law was that provided by subdivision 3 of section 265.00 of the Penal Law, viz., "any pistol, revolver, sawed-off shotgun or other firearm of a size which may be concealed upon the person, except an antique firearm." The question of whether the sawed-off shotgun met this definition was submitted as an issue of fact without further explanation to the jury. Defendant made no request to charge and took no exception. We cannot say that the failure to place on the record the length of the gun as indicated by defendant is a basis for reversal. We note that defendant did not request that this be done. Under all of the circumstances including the evidence from which the jury could have concluded that defendant did, in fact, conceal the weapon on his person, we believe that the finding that the weapon was a "sawed-off shotgun * * * which may be concealed upon the person" (Penal Law, § 265.00, subd 3) was adequately supported by the proof. (Appeal from judgment of Erie County Court — criminal possession of weapon, third degree.) Present — Cardamone, J.P., Simons, Hancock, Jr., Denman and Schnepp, JJ.