OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, defendant’s conviction vacated, and the case remitted for further proceedings on the indictment.
 

 The principal evidence introduced at the trial was a portion of a tape recording of an extended conversation in the course of which defendant admitted his participation in the burglary of a residence in the Town of Niskayuna of which he was charged and convicted. The trial court properly held that the recording was not in itself suppressible,
 
 *818
 
 inasmuch as it had been made with the consent of a cooperating informer who was a party to the conversation.
 

 Defendant’s inculpatory statements, which counsel conceded at the trial and on this appeal were admissible if the objection to the recording in its entirety were not sustained, appeared on page 8 of the transcript. The preceding seven pages comprised an extended conversation in which defendant disclosed and made detailed plans with cohorts for an imminent, armed robbery of a Price Chopper market, including a car theft and the possible shooting of store personnel. Over defense counsel’s objection and request that the tape recording be redacted to delete all but the inculpatory statements pertinent to the Niskayuna burglary, the trial court ruled that the earlier portions of the recording were admissible under
 
 People v Vails
 
 (43 NY2d 364) as “inexorably involved” with the segment in which defendant admitted his participation in the crime charged.
 

 This ruling was error. In
 
 Vails
 
 the court found that the challenged evidence of defendant’s prior criminal conduct was “intrinsic” to the criminal transaction for which he was being tried and provided “highly probative evidence relating directly to the crime charged” — in sum was “inextricably interwoven with the crime charged in the indictment” (43 NY2d, at p 368). No such relationship exists in the present case between defendant’s introductory conversation with reference to the projected Price Chopper robbery and other criminal conduct and the Niskayuna burglary. Although, as the prosecutor argued, receipt of defendant’s statements with respect to the Price Chopper robbery might have assisted the jury in evaluating the probative worth of defendant’s admissions as to the Niska-yuna burglary to the extent of showing the contextual setting in which such admissions were made, such testimony was not necessary to a full comprehension of the inculpatory statements made by defendant. It is critical that the introductory Price Chopper statements were highly inflammatory and prejudicial to defendant. That prejudice far outweighed the minimal legitimate advantage which would accrue to the prosecution from disclosure to the jury of defendant’s entire conversation.
 

 
 *819
 
 We have examined defendant’s remaining contentions and find them to be without merit.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
 

 Order reversed, conviction vacated and case remitted to Schenectady County Court for further proceedings on the indictment in a memorandum.