## (June 21, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PRIESTER, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered December 3, 1982, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree. ¶ On August 14, 1982, defendant was an inmate at Elmira Correctional Facility. Around 2:00 P.M. on that date, defendant somehow entered the confines of the prison baseball field without having submitted to the required frisking procedure at the main gate. Upon learning this, a correction officer approached defendant and directed him to return to the main gate. En route, they passed by a group of inmates seated at a picnic table. The officer testified that defendant pulled a seven-to-eight-inch-long sharpened, metal rod from his pocket and surreptitiously dropped it on one of the benches next to another inmate. As a result, defendant was ultimately convicted of the crime of promoting prison contraband in the first degree. ¶ On this appeal, defendant contends that he received ineffective assistance of counsel at trial. He bases this contention on one omission, defense counsel's failure to object to the District Attorney's opening statement to the jury. Specifically, defendant points to the prosecutor's having asserted that the proof would show that defendant had possessed a sharpened metal rod which the prosecutor then displayed to the jury. He then identified the issue to be whether the rod would endanger the safety of another person. Defendant contends on this appeal that the rod should not have been shown to the jury before it was officially admitted in evidence and that by displaying it at this time, the prosecutor made himself an unsworn witness against defendant. ¶ First, we note that it would certainly have been better if the District Attorney had not displayed to the jury one of the People's exhibits before it was admitted in evidence. However, the rod was ultimately properly introduced in evidence, and defendant has failed to show that his counsel's failure to object to its premature display to the jury rose to the level of ineffective assistance of counsel. Upon a review of the entire record, there is no indication that this single omission either "depriv[ed] the defendant of a fair trial" (*People v Aiken,* 45 NY2d 394, 401) or meant that he was denied "meaningful representation" at trial (*People v Baldi,* 54 NY2d 137, 147). Defendant's reliance on *People v Williams* (90 AD2d 193), to show that his attorney failed to object to prejudicial misconduct, is misplaced. In *Williams,* a principle issue to be determined at trial was the concealability of a shotgun. The prosecutor wore the weapon under his coat during his opening statement, revealing it to the jury only after the first 10 minutes thereof. Thus, the prosecutor in the *Williams* case not only displayed the weapon to the jury in his opening statement, but also demonstrated its concealability. In doing so, the prosecutor truly became an unsworn witness against the defendant by his actions which tacitly urged the jury to make a certain factual determination of a dispositive issue in the case. Here, however, the District Attorney simply discussed the role of the rod in the case and showed it to the jury. This action alone did not constitute unsworn testimony against defendant. Under all of the circumstances presented, defense counsel's failure to object to this behavior did

not rise to the level of a denial of effective assistance of counsel (see *People v Baldi, supra*). ¶ Defendant's second argument is that certain speculative statements made by the prosecutor in the course of his summation constituted reversible error. He refers to comments which the District Attorney made concerning the motives of a defense witness in testifying. To wit, a fellow inmate of defendant, one Jose Aguilar, testified that it was he who placed the rod on the picnic table, not defendant. In his summation, the District Attorney noted that the inmate's confession might have been brought about by the coercion of other inmates who wanted to help defendant. He further noted that Aguilar was not running a very great risk of being prosecuted for this crime since he would be the only witness against himself. First, it must be noted that since no objection was made to these remarks at trial, they were not preserved for our review (see CPL 470.05, subd 2; *People v Utley,* 45 NY2d 908, 910). However, were we to review these statements in the interest of justice (CPL 470.15, subd 6, par [a]), we would hold that they do not constitute reversible error. Where such prosecutorial misconduct is alleged, a determination must be made as to whether the alleged defects influenced the jury and tainted the verdict (*People v Brown,* 77 AD2d 841). Given this standard, we hold that any undue prejudice engendered by these remarks was sufficiently dissipated by the cautionary instructions of the trial court, urging the jury to weigh the testimony of the witnesses while giving no evidentiary weight to remarks of counsel (see *People v Patterson,* 83 AD2d 691, 692). ¶ Judgment affirmed. Mahoney, P. J., Main, Weiss, Levine and Harvey, JJ., concur.