THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LAWRENCE TUCKER, Appellant.

Second Department, July 9, 1984

APPEARANCES OF COUNSEL

*Linda S. Jamieson* for appellant.

*Carl A. Vergari, District Attorney* (*Richard E. Weill* and
*Gerald D. Reilly* of counsel), for respondent.

OPINION OF THE COURT

BRACKEN, J.

In the within action, the defendant was tried on an
indictment charging one count of criminal possession of a
weapon in the third degree (Penal Law, § 265.02, subd [4]),
and at the conclusion of the trial, was convicted as charged.
On appeal to this court, defendant contends that reversal is
required upon three separate grounds. Before turning to
our analysis of these contentions, we first consider the

relevant portions of the trial testimony, which we must view in the light most favorable to the People (*People v Kennedy,* 47 NY2d 196, 203).

Detective Sergeant Landers of the Yonkers Police Department testified that he was conducting a narcotics surveillance from a third floor window of an apartment building when he observed two cars pass him and park at the curb directly opposite his position. One of the cars was a green two-door Ford Pinto, and the other was a brown four-door Ford sedan; both bore Massachusetts license plates. Defendant, the driver and sole occupant of the Pinto, left his car and walked back to the sedan, in which Landers observed a driver and two passengers. Defendant engaged in a conversation with the driver and then returned to his car. He made a U-turn and drove the Pinto into the front of a gas station which directly faced Landers' window, and the sedan followed. Using binoculars, Landers observed pistols in the hands of both the driver and one of the passengers of the sedan. Turning to the Pinto, he observed defendant placing his hand on the sawed-off butt end of either a rifle or shotgun protruding between the seats. Both cars then drove away, and Landers reported what he had seen on his police radio.

Approximately two hours later, the two vehicles in question were located in White Plains. Detective Lanza of the White Plains Police Department observed both cars parked in front of an office building. He then observed defendant get out of the Pinto and walk into the building. Lanza left his police car and walked over to the Pinto. In the back, he observed a garment bag from which a sawed-off shotgun protruded. Lanza and his partner then placed the three occupants of the sedan under arrest and removed the garment bag containing the shotgun from the Pinto. When defendant walked out of the building, he was placed under arrest and searched and two shotgun shells were found in his jacket pocket. Defendant stated that he had nothing to do with either of the two cars or the other three persons. However, another shotgun shell was found on the floor of the sedan, and it was subsequently determined that the sedan was registered in defendant's name. The Pinto had been leased to a woman who had given defendant permission to use it.

Later that day, Detective Sergeant Landers arrived from Yonkers at White Plains police headquarters, where he identified the four individuals and two vehicles as those he had seen earlier that day. Landers also identified the shotgun and two weapons recovered from the sedan. The shotgun had an over-all length of 30¾ inches.

■ Defendant first contends that evidence of criminal acts by others associated with him, i.e., possession of weapons by the occupants of the other car, was improperly received, because such evidence was irrelevant to the issues in the case and highly prejudicial, particularly in light of the fact that defendant was being tried on a weapon possession charge. We agree.

This is not, strictly speaking, a case in which the prosecution utilized evidence of other crimes committed by this defendant in order to prove the guilt of the crime charged (*People v Allweiss,* 48 NY2d 40; *People v Molineux,* 168 NY 264); nor is it a case where evidence of uncharged crimes committed by a defendant was inextricably interwoven with evidence regarding the present charge (*People v Vails,* 43 NY2d 364; cf. *People v Hyman,* 78 AD2d 701), nor where evidence of uncharged crimes was necessary to complete a witness' narrative or to establish the witness' opportunity to identify the defendant (*People v Gines,* 36 NY2d 932). The evidence regarding the sedan, its occupants and the weapons seen therein essentially was offered as background to enable the jury to understand the actions of the police and to corroborate the accuracy of the observations of the sawed-off shotgun in defendant's car.

The introduction of limited background evidence is proper where such evidence is necessary to make the subject matter of a crime intelligible to the jury (*People v Stanard,* 32 NY2d 143, 146; *People v Maldonado,* 50 AD2d 556); to describe the scene of the crime (*People v Maldonado, supra*); or, if otherwise relevant, to establish or explain some material fact (*People v Le Grand,* 76 AD2d 706). However, it is improper to admit background evidence where the crime charged is unambiguous and such evidence is without probative value (*People v Philpot,* 50 AD2d 822). This is such a case. The only questions before the jury were whether defendant possessed a sawed-off

shotgun on the date in question, and whether that shotgun was capable of being concealed. As defendant concedes, it was proper to permit the police officers to testify regarding the movements of the sedan and the activities of its occupants, insofar as they related to the movements and activities of defendant. Such testimony was necessary to enable the jury to understand the sequence of events and the actions of the police. However, it was not necessary to adduce testimony regarding observations or seizures of weapons in the sedan, because such testimony was totally irrelevant to the issues in the case and was not so inextricably interwoven with relevant evidence of defendant's possession of the shotgun as to require its inclusion (see, e.g., *People v Ward,* 62 NY2d 816; *People v Green,* 35 NY2d 437; *People v Hyman,* 78 AD2d 701, *supra; People v Sorenson,* 70 AD2d 892). The police witnesses readily could have given an understandable narrative of this episode without any reference at all to the other weapons (*People v Ward, supra;* cf. *People v Gines,* 36 NY2d 932, *supra*).

We conclude, therefore, that the admission of this evidence served no valid purpose and was unduly prejudicial. Accordingly, the judgment must be reversed (*People v Stanard,* 32 NY2d 143, 146-147, *supra*). While we agree with the People that the defendant's general objection to any evidence regarding the sedan or its occupants was insufficient to preserve an objection to specific evidence regarding the weapons therein (*People v Gines, supra*), we have nevertheless considered this issue as a matter of discretion in the interest of justice (CPL 470.15, subd 6, par [a]).

The defendant next argues that the People failed to prove beyond a reasonable doubt that he possessed a firearm (Penal Law, § 265.02, subd [4]). The statutory definition of "firearm" in effect on February 5, 1981, the date of the crime alleged herein, was set forth in former subdivision 3 of section 265.00 of the Penal Law: "3. 'Firearm' means any pistol, revolver, sawed-off shotgun or other firearm of a size which may be concealed upon the person, except an antique firearm."

We find as a matter of law that there was sufficient evidence for the jury to conclude that the sawed-off shot-

gun was capable of being concealed upon the person (*People v Purpera*, 81 AD2d 1007). In this instance, the question of concealability was one to be resolved by the trier of the facts (*People v Cohen*, 57 AD2d 790; see, also, *People v Williams*, 90 AD2d 193) and the trial court properly submitted this question to the jury.

We note that subdivision 3 of section 265.00 of the Penal Law has since been amended to bring within the definition of "firearm" a shotgun having one or more barrels less than 18 inches in length, and any weapon made from a shotgun having an over-all length of less than 26 inches (L 1982, ch 492). In this case, the shotgun barrel measured 15¾ inches, and thus the gun would qualify as a "firearm" under the present statutory definition as well.

Defendant's final contention is that he was deprived of his constitutional right to counsel at the preindictment preliminary hearing (CPL 180.10, subd 2; see *People v Hodge*, 53 NY2d 313). However, defendant has failed to incorporate the minutes of the hearing in the record on appeal, and appellate review of his claim is therefore precluded (*People v Charleston*, 54 NY2d 622; *People v Roberts*, 89 AD2d 912). In any event, where the right to counsel at a preliminary hearing has been denied, the appropriate corrective action on appeal is to order a new trial (*People v Hodge, supra,* p 321), and in ordering a new trial in this case we have adequately protected defendant's rights.

TITONE, J. P., GIBBONS and WEINSTEIN, JJ., concur.

Judgment of the County Court, Westchester County, rendered December 22, 1981, reversed, as a matter of discretion in the interest of justice, and new trial ordered.