THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROBLES, Appellant.

The objected to testimony of the police officer, that he had participated in 35 or 40 drug arrests in the area where defendant was arrested, as well as testimony with respect to the pattern of a typical drug sale, was brought out to demonstrate the officer's background. The trial court stressed this fact to defense counsel, in the jury's presence, during the trial, namely, that the officer's testimony was for foundation or background purpose only. In the charge, addressing this testimony of the officer, the court stated that it was to be considered only on the issue of the officer's experience and ability to observe and perceive and for no other purpose. If there was error in admitting the challenged testimony, it was harmless. Lazer, Thompson and Rubin, JJ., concur.

Titone, J. P., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: Defendant has been convicted of criminal possession of a controlled substance in the fifth and seventh degrees predicated upon the testimony of two police officers that, after they observed defendant sell a tinfoil packet, they placed him under arrest and found him in possession of 23 other packets which contained phencyolidine and two methaqualone pills. Denying the accusation, defendant took the stand in his own behalf and maintained that he was the victim of mistaken identity and had been framed.

Notwithstanding the fact that this was, as the prosecutor put it, a "very simple" case, turning purely on credibility, the People

were permitted to elicit, over vigorous protest, that one of the arresting officers had participated in 35 to 40 PCP-related arrests at the same location and that the officer's standard surveillance procedure was to watch the seller and pinpoint the location of his cache before arresting him, which procedure was followed in this case. Contrary to the People's position on this appeal, I find this testimony irrelevant. Since the issue has been preserved by objection and motion for a mistrial, I would reverse.

*People v Green* (35 NY2d 437, 441-442) sets forth the applicable principles: "Events antecedent to and independent of a crime, where necessary to explain an ambiguous but material fact in the case, are relevant and may be introduced at trial. Indeed, some cases are sufficiently complex that the jury would wander helpless, as in a maze, were the decisive occurrences not placed in some broader, expository context * * * On the other hand, merely past events lacking both relevance and probative value are inadmissible" (*accord, People v Philpot,* 50 AD2d 822, 823; *People v La Fontaine,* 39 AD2d 734; *cf. People v Stanard,* 32 NY2d 143).

Background evidence and events simply have no place at a trial for "unambiguous crimes" (*People v Philpot, supra*). Thus, in *Philpot,* a narcotics possession case, we held that the arresting officer's testimony about 12 unrelated narcotics arrests in the "vicinity" of defendant's apartment was irrelevant and constituted reversible error.

The trial court's purported theory that drug prone area evidence was foundation or background for the intent to sell element of the crime cannot be squared with applicable law. Such testimony may have had some relevance in a probable cause evaluation at a suppression hearing (*see, People v McRay,* 51 NY2d 594), but was out of place at this trial (*cf. People v Kennedy,* 74 AD2d 587 [testimony necessary to explain officer's presence and purpose]). If believed by the jury, defendant's sale of a tinfoil packet and possession of 23 packets of PCP, coupled with his alleged admission at the time of arrest, unequivocally established intent to sell. No "background" was necessary (*cf. People v Cook,* 42 NY2d 204, 208) and the officer's "general experience" in undercover operations had nothing to do with the present case (*cf. People v Hyman,* 78 AD2d 701).

Lacking any legitimate relevance or necessity, the challenged evidence implied guilt by association and was highly damaging. It was roughly the equivalent of permitting an expert to testify that in his opinion defendant was guilty (*see, People v Graydon,* 43 AD2d 842).

Defendant may in fact be guilty of the crimes charged. However, he was "entitled to have the jury determine his guilt or innocence solely upon evidence tending to prove the crime charged and uninfluenced by irrelevant and prejudicial facts and circumstances" (*People v Cook,* 42 NY2d 204, 208, *supra*). Accordingly, the judgment should be reversed and a new trial ordered.