OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was arrested on December 7, 1979 and charged with possession of a sawed-off shotgun, slightly over 26 inches in length.* The Grand Jury indicted him for criminal possession of a weapon in the third degree in violation of Penal Law § 265.02 which, at the time, prohibited possession of, among other weapons, a “sawed-off shotgun or other firearm of a size which may be concealed upon the person” (Penal Law § 265.00 [3]). Defendant moved to dismiss the indictment, arguing that, as a matter of law, the gun was not “concealable.” The court denied the motion, finding it “both possible and feasible for an individual to secrete such a weapon under outer garments such as a full length coat or, even a knee length jacket” (104 Mise 2d 13, 14). Defendant was tried, convicted and, on July 16,1980, sentenced to a prison term of two to four years. On appeal, defendant claims the benefit of a 1982 amendment to section 265.00 (3), which defined firearm in part as a sawed-off shotgun less than 26 inches long.
The amendment to the statute was designed primarily to eliminate the confusion regarding the concealability of sawed-off shotguns, thereby simplifying adjudication of prosecutions *804 for their possession (see generally, People v Williams, 90 AD2d 193,195; People v Cortez, 110 Misc 2d 652). Under these circumstances, and absent any indication that the Legislature intended the amendment to apply retroactively, it will not operate “in favor of an offender tried and sentenced to imprisonment before its enactment” (People v Oliver, 1 NY2d 152, 163). Nor can we say that the gun was not concealable as a matter of law (see, People v Tucker, 102 AD2d 535; People v Williams, supra; People v Davis, 112 Misc 2d 138, 141-144).
Defendant’s remaining contentions are without merit.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Order affirmed in a memorandum.

 On the motion to dismiss the indictment, the court assumed that the gun was 27 inches long. The ballistics report and testimony at trial indicated that the length was 26V2 inches.