■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK STIMUS, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), defendant contends that the trial court's admission of evidence of uncharged crimes constitutes reversible error. The trial court, over objection, admitted evidence that complainant's reason for seeking out defendant was to straighten out a debt for cocaine he received from defendant. Immediately after the introduction of this evidence and again during its charge, the court specifically advised the jury that the evidence was admitted solely to complete complainant's description of the entire incident and was not to be considered as direct evidence in this case.

Evidence of uncharged crimes is inadmissible unless it helps establish some element of the crimes charged or is relevant because of some recognized exception to this rule *(People v Alvino,* 71 NY2d 233; *People v Molineux,* 168 NY 264). Testimony concerning this uncharged crime was admissible to complete the complainant's narrative of the episode *(People v Gines,* 36 NY2d 932, 933; *People v Brockington,* 126 AD2d 655, 656; *People v Watts,* 118 AD2d 671, 672). It was also relevant

in establishing defendant's motive for his possession of a weapon and a controlled substance. Further, the probative value of this evidence outweighs any prejudicial effect *(see, People v Ventimiglia,* 52 NY2d 350, 359). Additionally, any prejudicial effect was minimized by the court's repeated limiting instructions *(People v Ricchiuti,* 93 AD2d 842, 845). Given these circumstances, the trial court properly admitted this evidence of an uncharged crime.

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from judgment of Monroe County Court, Connell, J.—criminal possession of controlled substance, third degree, and another offense.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.