■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COOPER, Appellant.—Judgment, Supreme Court, New York County (Robert M. Haft, J.), rendered June 15, 1988, convicting defendant, after a jury trial, of four counts of criminal possession of stolen property in the fourth degree and sentencing him to concurrent sentences of from 2 to 4 years' imprisonment, unanimously affirmed.

Defendant was found guilty of possessing four stolen credit

cards. Over objection, the purse which had contained these credit cards, and which was also on the person of the defendant at the time of his arrest, was introduced into evidence. Defendant contends that the purse constituted evidence of an uncharged crime in violation of *People v Molineux* (168 NY 264). If any violation of *Molineux (supra)* occurred, we find the error harmless beyond a reasonable doubt *(see, People v Cook,* 42 NY2d 204, 208-209). The number of credit cards possessed, the fact that the credit cards were pushed down defendant's pants leg, and the statement made by defendant that he "purchased" the credit cards, demonstrated overwhelmingly that the credit cards were stolen. Possession of the purse added little, if anything, to the People's case, nor could the jury have formed the impression that defendant had a propensity to commit larcenies since defendant was, in fact, acquitted of a larceny charge. There is a presumption that a person who possesses two or more stolen credit cards knows that such cards were stolen (Penal Law § 165.55 [3]). Any prejudice arising from the unobjected-to remark by the prosecutor in summation that defendant "is a pickpocket" is unpreserved for review *(People v Cook, supra,* at 209) and we decline to reach it. Were we to consider it in the interests of justice, any claim of prejudice relating to this statement would be unpersuasive, particularly in light of the acquittal on the larceny charge. Concur—Kupferman, J. P., Milonas, Kassal and Ellerin, JJ.