■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN FULTON, Appellant. [626 NYS2d 911] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). There is no merit to his contention that the trial court's admission of evidence of uncharged crimes deprived him of a fair trial. After conducting a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350), the court ruled that the complainant could testify about each instance when she saw defendant with the gun and the time when he threatened to kill her with the gun; she could not testify about defendant's demands that she work as a prostitute nor other times that defendant assaulted her. The permitted testimony is relevant to the issue whether defendant's possession of the gun was temporary and innocent, as defendant maintained. The probative value of that evidence outweighs any prejudicial effect *(see, People v Hudy,* 73 NY2d 40, 54-55; *People v Alvino,* 71 NY2d 233, 242; *People v Stimus,* 136 AD2d 908, 909). Furthermore, any potential for prejudice was minimized by the court's limiting instructions with respect to that testimony *(see, People v Ricchiuti,* 93 AD2d 842, 845). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.