THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD HINSON, Appellant. [913 NYS2d 218]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered January 22, 2008, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of the delay of certain witnesses in coming forward with incriminating information.

The court properly exercised its discretion in admitting evidence of an uncharged crime, consisting of testimony that immediately after defendant shot the victim, he pointed the pistol at the victim's brother and squeezed the trigger, resulting in an apparent misfire. This testimony completed the victim's brother's narrative of the events, and the uncharged crime was

inextricably interwoven with the charged murder (*see People v Gines*, 36 NY2d 932 [1975]). Among other things, this evidence was particularly relevant because of its relationship to other evidence that circumstantially connected defendant to a jammed pistol with a round lodged in its chamber. The probative value of this evidence far outweighed any prejudice.

Defendant's claim that the court erred in granting the prosecutor's challenges for cause to two prospective jurors is foreclosed because the prosecutor did not exhaust her peremptory challenges (*see* CPL 270.20 [2]), and defendant's argument to the contrary is without merit. In any event, the court's rulings on the challenges were proper exercises of discretion.

The court properly exercised its discretion when it denied defendant's mistrial motion, made after a witness referred to a photographic identification. This evidence was not harmful to defendant, who had already introduced similar evidence, and in any event the court's curative actions were sufficient to prevent any prejudice.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.